*Middlesex*,
July, 1851.

Hubbard
*v.*
Deming.

HUBBARD and another *against* DEMING :

#### IN ERROR.

Every proprietor of land adjoining a highway, has a right to reasonable access to its travelled part ; and any fence or other obstruction, which so annoys or encumbers it, as essentially to interfere with this right, is a nuisance, and may be removed, by such proprietor.

Therefore, where the travelled part of the highway had been so constructed in front of the land of *A*, as to render direct access to it therefrom inconvenient, without considerable expense ; *B*, owning land adjoining *A's*, enclosed, with his own premises, a part of the highway by a fence ; and thereupon *A*, finding it necessary to pass through that portion of the highway so enclosed, in order to get access to the travelled part, removed the fence as an incumbrance upon the highway ; in an action of trespass brought by *B*, it was held, that *A* was justified in so doing.

THIS was an action of trespass *quare clausum fregit*, brought by *Stillman N. Deming* against *Levi Hubbard* and *Edward Hubbard ;* tried in the county court for *Middlesex* county, *October* term, 1850.

The defendants pleaded the general issue, with notice that they would give evidence, in justification of the acts complained of, shewing, that such acts were done by them on the public highway, in the town of *Middletown*, in removing a fence and other obstructions, erected by the plaintiff, on such highway, in front of his premises, which prevented the necessary use and enjoyment of the highway, by the defendants and the public generally.

On the trial of the cause to the jury, the defendants, in support of their justification, offered evidence to prove, and claimed that they had proved, the following facts : that they were, at the time of the commission of the acts complained of, seised and in the occupation of certain lands, lying *North* of and adjoining the said premises of the plaintiff ; that both the lands of the plaintiff and of the defendants lay adjacent to the public highway, known as the *Middlesex turnpike ;* that the plaintiff, and those under whom he claimed, had constructed and maintained the front or street fence of the plaintiff's premises, upon the public highway, so as to enclose and occupy some portion thereof within his fence ; that in consequence of the erection or elevation, since that time,

and recently, of a causeway in the highway, made for the
purpose of improving the same, and which extended *in front*
of all the said lands* of the defendants, it was impossible for
them to pass from their said premises, with teams or other-
wise, on to the travelled part of the highway, at any point
opposite to their land, without the erection of a bridge or em-
bankment leading up to the level of said causeway, and
which could be done only at a considerable expense ; that
the defendants could, at a much less expense, pass to and
upon the travelled part of said highway, through that portion
of the highway enclosed as aforesaid, within the plaintiff's
fence ; that *it was necessary and convenient for the defend-
ants to pass through that portion of the highway,* so enclosed,
for the purpose of egress from, and ingress to, their land,
from the travelled part of the highway, in their ordinary busi-
ness ; and that the acts done by them, were done for the
purpose of removing said fence, as an incumbrance upon the
highway, and of abating the same as a common nuisance ;
and that such acts were reasonable and necessary for that
purpose.

The plaintiff offered evidence to prove, and claimed that
he had proved, that his front or street fence did not stand,
and never had stood, upon the public highway ; and that no
part of the public highway was thereby enclosed or occupied ;
and that the place where said acts were done, was the front
door-yard of his dwelling-house, and not public highway ;
that it was not necessary or convenient for the defendants to
so pass over his premises, as claimed by them ; for that they
might, with as little or less expense and inconvenience, have
passed, with teams and otherwise, directly to and from their
land and the travelled part of the highway ; that the post and
fence or fences of the plaintiff, that were so taken down and
removed, by the defendants, and the enclosure of the plaintiff,
which was so dug up by the defendants, did not obstruct or
incommode the ordinary public travel along the highway ;
and that no portion of the public, unless it was the defend-
ants, in passing to and from their lands as aforesaid, was pre-
judiced, or in any manner hindered thereby ; and that in
doing the acts complained of, the defendants did unnecessa-
ry damage to the plaintiff. But the plaintiff did not claim,
that if the land in the front of his premises, and enclosed by

him within his fence, was, or had been, highway, that it had ever been legally discontinued, or abandoned by the public, or that the public right of way was lost, by non-user.

The defendants thereupon requested the court to charge the jury, that if the land in front of the plaintiff's premises, and enclosed by him within his fence as aforesaid, was, or had been, highway, and had never been legally discontinued or abandoned by the public, the defendants had a right to go over it, whenever it might be *convenient* for them to do so, in their ordinary business; and that the right to do so, could not be, and was not, affected, by its non-user, by all the rest of the public; and that they had a right to remove the fence and other obstructions erected thereon, without notice to the plaintiff, for the purpose of passing over the same; provided, they acted in a reasonable manner, and were guilty of no wanton or unnecessary destruction of property.

The court charged the jury, that if the place where the acts complained of, were done, was not within the limits of the public highway, the defendants were not justified in doing said acts; but if they should find, that it was within the limits of and upon public highway, it would be their duty to enquire whether the acts *were necessary to improve the condition of the road*, and whether the posts and fence, which the defendants removed, *actually hindered the public travel, or made the road less commodious:* that the erection of a fence within the limits of a highway, was not, of course, a nuisance, which an individual might remove: that the jury were to inquire, in such case, whether the *highway was thereby rendered less commodious to the public;* for if it was *not*, an individual would not be justified in removing it: that the reason why an individual is justified in removing an actual obstruction to the public travel on the highway, in a summary manner, was, that *travellers* could not be delayed for the slow progress of a legal prosecution for the nuisance. Some sort of *necessity* should, therefore, exist for the exercise of such power, by an individual. The incumbrance *should occasion some obstruction, some hindrance to the passage of travellers;* and in determining that question, the jury had a right, in this case, to consider whether or not the public travel, and the individuals removing the incumbrance, would not be as well accommodated, by passing over some other

*Middlesex,*
July, 1851.

Hubbard
*v.*
Deming.

portion of the highway, or on to it from their land, in some other place ; and that whether the plaintiff's fence and posts, which were so removed by the defendants, was a nuisance, or not, was a question of fact for the jury to decide.  If, therefore, the jury should find, that the place where the acts were done, was not highway ; or if they should find that it was highway, and should also find that the posts, fence, &c., did not obstruct, hinder, or endanger the *passage of travellers*, and did not render the road less commodious to the *public,* and were not, therefore, a nuisance ; or if they should find, that the defendants did unnecessary damage to the plaintiff ; in either case, it would be their duty to find a verdict for the plaintiff.    But if the jury should find, that the said place was highway, and that the fence, posts, &c., did obstruct, hinder or endanger the passage of *travellers,* and render the road less commodious for the *public ;* and that the defendants did no unnecessary damage to the plaintiff ; it would, in that case, be their duty to return a verdict for the defendants.

The jury returned a verdict for the plaintiff ; and the defendants, having filed a bill of exceptions, brought the record before the superior court, by motion in error ; where it was reserved for the advice of this court.

*Spencer* and *Whittlesey,* for the plaintiffs in error, contended, 1. that a public nuisance may be removed, by any individual.    *Stat.* 517. § 1.    *Burnham* v. *Hotchkiss,* 14 *Conn. R.* 311. 318.    3 *Bla. Com.* 5.

2. That any enclosure of a part of the highway by a fence, by which any portion of the public is obstructed in the convenient use of the highway, is such a nuisance.

3. That an obstruction to the *access* to the travelled part of a highway, from an adjoining close, when such access is necessary or convenient, is a nuisance.

4. That an *incumbrance* of any sort, or an *annoyance*, in the highway, may constitute a nuisance.    *Stat.* 517, 8. § 1.

5. That this case is clearly distinguishable from that of *Burnham* v. *Hotchkiss,* 14 *Conn. R.* 311.  It does not appear, in that case, that the wall which was removed, obstructed, or was claimed to obstruct, the use of the highway, by any individual whatever, or for any purpose for which a public highway is intended.  It merely decides, that the

erection of a wall on a part of the highway, is not *of course* a nuisance, irrespective of other circumstances.

6. That the defendants had a right to remove the fence, as a *private* nuisance ; and so the jury should have been instructed.

7. That the charge was defective or erroneous, in other respects, and was calculated to mislead, and did mislead, the jury.

*C. C. Tyler*, contra, insisted, 1. That any person can not lawfully remove a fence or other erection upon a highway, that does not incommode the public, or obstruct those that have a right to travel upon the road. He relied upon the case of *Burnham* v. *Hotchkiss*, above referred to, as decisive, on this point.

2. That the charge to the jury was in conformity to the position above stated.

CHURCH, Ch. J. The defendants requested the court to charge the jury regarding their rights upon the facts which they claimed to have proved ; but this was not done. After suggesting some general principles, the instructions to the jury were, that if the plaintiff's fence " did not obstruct, hinder or endanger *the passage* of travellers, and did not render the road less commodious *to the public*," it was not a nuisance, &c. By this, we understand, and we think the jury did so, that they had only to consider the rights of the travelling public and the plaintiff's duty as to them, without regard to the defendant's rights as an adjoining proprietor ; which really were the only matters in dispute.

A traveller along the public highway may not have a right to turn aside, and remove a fence standing within its lines, which does not obstruct the general use of it, nor interfere with him ; while an adjoining proprietor may have such a right. We need not discuss these rights minutely ; it was well done by the judges who published opinions, in the case of *Burnham* v. *Hotchkiss*, 14 *Conn. R.* 311.

Every proprietor adjoining a highway has a right to reasonable access to its travelled part, and any fence, &c., which shall so annoy or encumber it, as essentially to inter

fere with this right, is a nuisance, and may be removed, by such proprietor.

In the present case, the public authorities, for the accommodation of the public and travellers along the road, had so constructed it, in front of the defendant's land, as to render direct access to it inconvenient, if not impossible, without considerable expense to the defendants. This expense they were not bound to incur, if they could reach the road in any other reasonable way, without becoming trespassers themselves. Besides, the defendants were part of the public, and had a right, as travellers, to get on to it and pass along any part of it, which it was necessary or convenient for *them to use;* and, if obstructed by the plaintiff's fence, they had right to remove it, although the public generally was not affected, nor the public travel generally hindered, nor the road made less commodious for common use.

We think, that the county court overlooked the special rights of these defendants, in the charge to the jury; and in doing so, mistook the law; and we shall advise the superior court, that, for this cause, the judgment of the county court is erroneous.

In this opinion the other judges concurred.

Judgment reversed.