ANDREW OBERLANDER *vs.* CHARLES CARSTENS.

Suffolk.    January 17, 1890. — January 18, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Evidence — Declarations — Cross-examination — Exceptions.*

In an action to recover the price of certain ventilators furnished by the plaintiff for the defendant's building, the latter, before offering any evidence that a certain device for opening and fastening them was to be made to the architect's satisfaction, and after the plaintiff had denied this, asked the plaintiff on cross-examination what the architect said about it, and the question was excluded. Subsequently, such evidence having been offered, the defendant was permitted to cross-examine the plaintiff as to the architect's statements. *Held,* that the defendant had no ground of exception.

CONTRACT to recover the price of certain ventilators furnished by the plaintiff for the defendant's building. At the trial in the Superior Court, before *Sherman,* J., the defendant set up, among other defences, that certain devices for opening and fastening the ventilators were, under the agreement between the parties, to be made and furnished to the satisfaction of the architect supervising the construction of the building. The plaintiff testified that he went to the architect's office before the agreement was made, but denied that the openers and fasteners in question were to be made to the architect's satisfaction or subject to his approval. Thereupon the defendant asked him, upon cross-examination, to state what the architect said to him in relation to the fasteners. The judge, upon the plaintiff's objecting, excluded the question. Subsequently, after the defendant had offered evidence as to what the architect had said to the plaintiff during that interview, the plaintiff again testified in rebuttal, and the defendant was permitted to cross-examine him in relation to the architect's statements.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions to the ruling excluding the question put by him to the plaintiff.

*M. Fischacher,* for the defendant.

*B. C. Moulton & C. F. Loring,* for the plaintiff, were not called upon.

By the Court. When the defendant offered to prove by the cross-examination of the plaintiff the declarations and statements of the architect, no evidence had been offered that the fasteners and openers which were the subject of the controversy were to be made to his satisfaction or approval. On the contrary, this had been distinctly denied by the plaintiff. The declarations of the architect were, therefore, properly excluded as incompetent until some evidence was offered to show that the fasteners and openers were to be made to his satisfaction. Without such evidence his declarations were simply those of a third person. If this were otherwise, as the order of the trial in the admission of evidence is in the discretion of the presiding judge, and as at a subsequent time, after evidence had been offered tending to show that the fasteners and openers were to be made to the satisfaction of the architect, the defendant had ample opportunity, of which he availed himself, to cross-examine the plaintiff on this subject, it is not easy to see how he could have any ground of exception.                    *Exceptions overruled.*