## BRUNO TIESLER *vs.* THE TOWN OF NORWICH.

Second Judicial District, May Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Before a town can be chargeable with negligence for not removing a carriage-block placed near the outer edge of the sidewalk by the owner of the adjoining premises for his own accommodation, it must be shown that the block by reason of its size and location, or because of its surroundings, unreasonably obstructs or endangers public travel ; for a slight possible obstruction of that nature must be endured for the sake of general convenience and business necessities in the use of the highway.

Evidence that carriage-blocks were generally used in the town is irrelevant upon the question of the town's alleged negligence in a particular case.

Argued May 31st—decided October 4th, 1900.

ACTION to recover damages for personal injuries claimed to have been caused by a defective highway, brought to the Superior Court in New London County and tried to the jury before *Thayer, J. ;* verdict and judgment for the plaintiff for $875, and appeal by the defendant for alleged errors in the rulings and charge of the court. *Error, judgment reversed and cause remanded.*

The complaint alleged that the defect in the highway consisted in " a large block of stone nearly two feet long, about one foot wide and about ten inches high, then lying and being in the traveled way on the sidewalk and street, and projecting about eight inches above the surface of the same." The answer denied the material allegations of the complaint.

The finding sets forth the action of the court upon the trial, substantially as follows : It was proved and admitted that the stone which caused the accident was a white marble carriage-block resting upon the sidewalk within a few inches of the gutter in front of a dwelling-house, and was of the dimensions stated in the complaint; that there was a large tree standing in the sidewalk in line with this stone at each end of it, and distant therefrom, at one end four feet, and at

the other end fifteen feet; that said sidewalk was on the south side of the street, there being no sidewalk on the north side; that the sidewalk at this point was smooth and level and its width between the stone and the fence was five feet four inches; that all the travel on foot through the street was over this south sidewalk, and that it was a much used walk.

The plaintiff testified and offered other evidence tending to prove that the accident occurred in the evening, when it was quite dark, and the ground and the block covered with snow; that he was on the north side of the street carrying a basket of clothing, and crossed to the south side where the carriage-block was situated; that he stepped upon the block, slipped, stumbled and fell, and received the injuries complained of; that he was familiar with the place and had known for many years of the stone being there, but did not see it at the time or think of its being there.

The plaintiff without objection offered witnesses who gave their opinion that the carriage-block rendered the highway unsafe, and the defendant offered witnesses who gave their opinions to the contrary.

The statute required the plaintiff to give the defendant a written notice of the accident and a description of the alleged defect in the highway and injuries received, within sixty days after the date of injury, and, in case the defect claimed was caused by ice and snow remaining on the walk, to give such notice within fifteen days. The defendant gave no notice within fifteen days, but gave notice within sixty days, describing the alleged defect as consisting in the carriage-block.

The defendant requested the court to charge as follows: " In regard to whether a carriage-block set in its usual place on a highway renders the highway defective as far as the duty of the town is concerned, the law is that the town is not negligent by the fact of its allowing a carriage-block of usual size and construction to be maintained at the customary place on a sidewalk or street, provided the object does not project into the usual place of travel so as to be a hindrance to people traveling on the highway there, or a source of danger

to persons passing along the usual line of travel while in the exercise of due care."

The court did not so charge, but on this point did charge as follows: " A carriage-block is not necessarily an obstruction to the sidewalk. As a matter of law you cannot say that it is an obstruction that renders the sidewalk or highway unsafe; nor, on the other hand, can you in all cases say that a carriage-block of that kind, or a block of the description that is claimed here to have been proved by the plaintiff, is not an obstruction. It would depend upon the circumstances of the case. The circumstances, the stone, the amount of travel, its situation or location, whether approximate or not to other objects, and all those circumstances are important to be considered in determining whether or not that block resting there, as it is admitted it was, constituted an obstruction to public travel, so that the highway was not reasonably safe for such travel under all the circumstances and facts in. evidence before you from which you can arrive at a conclusion on that point."

The defendant further asked the court to charge that if the injury was due wholly or partly to a fall caused by the plaintiff's slipping on the snow, and he did not give notice thereof to the town within fifteen days, then he could not recover.

The court did not charge as requested, but. on this point charged that if the plaintiff's injuries were caused by a defect in the highway caused by snow or ice, he could not recover in this action, because he did not give the town notice of it.

The defendant, to disprove the negligence imputed to it, asked one Spalding, its first selectman, the following question: " State whether or not there is in the town, outside of the city limits, a general usage of these objects at the edge of the sidewalk, which are known as carriage-blocks ? " Upon objection by the plaintiff the question was excluded, and the defendant duly excepted.

The appeal assigns as error (1) the rejection of the testimony of Spalding; (2) the charge as to notice; and (3) the

charge as to the duty of a town in the removal of carriage-blocks.

*Joseph T. Fanning*, for the appellant (defendant).

*Donald G. Perkins*, for the appellee (plaintiff).

HAMERSLEY, J. The question asked Mr. Spalding was properly excluded.

The pleadings, and the state of testimony and claims as shown by the finding, did not justify the defendant in claiming the charge as to notice which it framed; and it certainly has no occasion to complain of the charge as given.

The court was not required to charge as to the duty of a town in respect to the removal of carriage-blocks, in the words of the defendant's request; but we think the substance of the request on this point should have been clearly stated to the jury.

The duty of a town to remove possible obstructions from a highway is modified by rights pertaining to adjoining proprietors and to the public in the use of the way. Every adjoining proprietor has a right of access to the traveled part of the highway. *Hubbard* v. *Deming*, 21 Conn. 356, 360. If separated from the driveway by a sidewalk, he has a right of access with his carriage across the walk, and if convenient to enter his carriage at the driveway he may use a stepping-stone or carriage-block for that purpose; provided this can be done without unreasonably obstructing or endangering public travel. So a carriage-block may properly be set up before a public place for the use of the general public. *Dubois* v. *Kingston*, 102 N. Y. 219. A slight possible obstruction must be endured for the sake of the general convenience in using the way. Towns are not made insurers of safe travel; and their duty in providing a sufficiently safe highway is necessarily affected by the special rights of adjoining proprietors, as well as by beneficial results to the traveling public as a whole, and by the necessities of business. *Beardsley* v. *Hartford*, 50 Conn. 529, 542.

In the present case it was not the duty of the town to remove the carriage-block, unless its size, location, surroundings, etc., were such that, in view of the adjoining proprietor's rights, it unreasonably obstructed or endangered the public in the use of the walk; whereas if a stone of the same size were on the walk, without any reason or excuse, it might be the duty of the town to cause its removal.

The charge does not make this distinction clear. While it may be unobjectionable as far as it goes, it does not go far enough. Indeed, upon the admitted facts and testimony of the plaintiff, as they appear in the record, the trial judge might have been justified, while distinctly submitting all questions of fact to the jury, in expressing his own opinion that the weight of testimony showed that this carriage-block did not unreasonably obstruct or endanger public travel.

There is error in the judgment of the Superior Court. The judgment is reversed and the cause remanded for further proceedings according to law.

In this opinion the other judges concurred.