Strafford,   }
March 7, 1902. }

## NUTTER *v.* PEARL.

In an action for injuries sustained by a collision with a stepping-stone, the liability of the defendant is not conclusively established by the fact that the stone was maintained by him within the limits of the highway, in violation of section 1, chapter 59, Laws 1899.

Whether a stepping-stone within the limits of a highway constitutes such a nuisance as to render its owner liable in damages to a person injured by collision therewith, is a question of fact, the determination of which is dependent upon the character, location, and effect of the alleged obstruction.

CASE, for personal injuries alleged to have been received by the plaintiff while traveling in a highway in Farmington, by running against a marble stepping-stone placed by the defendant in front of his dwelling in a grass-plot between the sidewalk and the traveled part of the highway. Trial by jury and verdict for the defendant. Transferred from the September term, 1901, of the superior court by *Wallace*, C. J.

The defendant has maintained the stepping-stone in this place for about six years, and intends to keep it there permanently. The stone is twenty-eight inches long on the side parallel with the street, about fourteen inches wide, and about ten inches high; and is used by the defendant and others having occasion to get in and out of carriages at his house.

The plaintiff requested the following instructions: "By Laws 1899, chapter 59, section 1, the erection or continuance of any structure upon or over any highway is punishable by indictment and fine, and the structure so erected is a nuisance. If, therefore, the marble block of the defendant is, as alleged in the plaintiff's declaration, within the limits of the highway, it is a nuisance and the maintaining of it an indictable offence. This being so, the injury to the plaintiff would appear to have been produced by the unlawful act of the defendant, and he would be liable without proof of negligence. The public is entitled to the full and free use of all the territory embraced within the limits of a highway, not only for actual passage but for all purposes that are legitimately incident thereto. Every actual encroachment upon a highway by the erection of a building or fence thereon, or any other permanent or habitual occupation thereof, is an invasion of the public right, even though it does not operate as an actual obstruction to public travel. If, then, the jury find that the marble block against which the plaintiff drove his sleigh is within the

limits of the highway, whether in the traveled path or not, and the plaintiff at the time of the accident was in the exercise of such care as men in general would have used, the verdict should be for the plaintiff." This request was denied, and the plaintiff excepted. No exception was taken to the instructions given.

*Harry B. Amey* and *Arthur H. Wiggin,* for the plaintiff.

*George E. Cochrane* and *John Kivel,* for the defendant.

REMICK, J. A statutory nuisance, in the nature of a highway obstruction or encroachment, is not necessarily an actual nuisance. *Hopkins* v. *Crombie,* 4 N. H. 520, 525, 526 ; *State* v. *Kean,* 69 N. H. 122. So far as public rights and proceedings are concerned, if an obstruction or encroachment is within the terms of the statute there need be no inquiry as to its actual character, location, or effect. But to be the basis of private action it must appear that the obstruction or encroachment complained of is a nuisance in fact. This was distinctly so under the earlier statutes upon the subject (*Hopkins* v. *Crombie, supra ; State* v. *Kean, supra ; Graves* v. *Shattuck,* 35 N. H. 257), and a careful analysis of section 1, chapter 59, Laws 1899, convinces us that no change in this respect was thereby made or contemplated.

Whether the stepping-stone in controversy was a nuisance, for the purposes of the plaintiff's case, was, from its character and location, peculiarly a question for the jury. *Hopkins* v. *Crombie,* 4 N. H. 520, 525 ; *Graves* v. *Shattuck,* 35 N. H. 257, 265, 270 ; *Tiesler* v. *Norwich,* 73 Conn. 199 ; *Dubois* v. *Kingston,* 102 N. Y, 219,— 55 Am. Rep. 804 ; *Dougherty* v. *Horseheads,* 159 N. Y. 154 ; *Robert* v. *Powell,* 168 N. Y. 411 ; *Allegheny* v. *Zimmerman,* 95 Pa. St. 287,— 40 Am. Rep. 649 ; *Wellington* v. *Gregson,* 31 Kan. 99,— 47 Am. Rep. 482 ; 15 Am. & Eng. Enc. Law 491.

As the plaintiff's request called for instruction that the stepping-stone was, by mere force of the statute and regardless of its character, location, or effect, a nuisance for the purposes of his case, it was properly denied. No exception was taken to the instructions given, and in the absence of evidence to the contrary they were presumably correct. *Mitchell* v. *Railroad,* 68 N. H. 96, 117.

*Exception overruled.*

All concurred.