FRANK M. CARTWRIGHT v. ESTHER HALL and Others.[1]

January 23, 1903.

Nos. 13,250—(222).

**Evidence of Title.**

   A deed of real property from a person not in possession, or not shown
to be the owner, does not establish a title, and, when reliance is placed
solely upon proof of paper title, the chain thereof must be from the
original patentee.

**Adverse Claims—Pleading.**

   In an action by an alleged owner to determine adverse claims to two
village lots alleged to be vacant and unoccupied, it is *held* that a defend-
ant does not waive his objection that they are not vacant and unoccu-
pied by setting up in his answer that he is the owner and in possession
of one of the lots, that another person named is the owner and in
possession of the other lot, that he holds a mortgage upon it, and then
demanding judgment of dismissal.

Action in the district court for Wabasha county to determine
the adverse claims of defendants to certain land, alleged in the
complaint to be vacant and unoccupied. The case was tried before
Snow, J., who, upon the conclusion of plaintiff's testimony, grant-
ed defendants' motion to dismiss the action. From a judgment of
dismissal, plaintiff appealed. Affirmed.

   *B. F. Hood* and *Sawyer & Sperry*, for appellant.
   *McGovern & Murdoch*, for respondents.

COLLINS, J.

   1. It was incumbent upon the plaintiff in this action to establish
upon the trial the two material allegations of fact found in his
complaint: First, his title to the lots as an alleged owner; second,
that they were vacant and unoccupied, unless the defendants had
waived all objection to the form of action, and had asked an
adjudication of their rights to the property on the merits.

   2. In their answer, defendants George R. Hall and Electa, his
wife, denied that plaintiff was the owner of either of the lots in

[1] Reported in 93 N. W. 117.

question, and also denied that either or both were vacant and unoccupied. They alleged that defendant George R. Hall was the owner and in possession of one lot; that he had been the owner in fee of the other, but prior to the commencement of the action he had sold and by warranty deed conveyed the same to Lee T. Meachum, who was the owner and was in possession of the same; and that Meachum and his wife had duly executed and delivered to defendant George R. Hall their mortgage upon the premises to secure the payment of a promissory note for $800. The Meachums were then, upon motion, made defendants, and their answer was of the same import as that of defendants Hall. In both answers a dismissal of the action was demanded. Defendants did not ask, directly or indirectly, that their alleged interest in the property be determined. They demanded no affirmative relief; nor did they offer evidence as to the validity of their asserted rights, interest, or title. Mitchell v. McFarland, 47 Minn. 535, 50 N. W. 610, is relied upon by plaintiff's counsel in support of his contention that the answering defendants waived, by their answers, the necessity of proofs that the premises were vacant and unoccupied. But in that case the defendant not only set forth in his answer the source of his own title, but pointed out defects in plaintiff's alleged title. A trial was had upon the issues made by the pleadings and the merits, with a decision and judgment for defendants, not of dismissal, but a final determination on the merits. Said the court: "It must be assumed that, when defendant denies plaintiff's title, sets forth his own title, and what he supposes to be plaintiff's claim of title, and his objections thereto, he does it for the purpose of an adjudication upon the matters so set forth." Not so in the case at bar. The court was not asked, either in the answer or by means of proofs at the trial, to determine and dispose of defendant's title or interest in and to the lots in question. On the contrary, at the very first opportunity attention was called to the failure of proof, and the court was asked to dismiss the action as authorized by G. S. 1894, § 5408, subd. 3.

3. Further, the case was properly dismissed for the reason that plaintiff failed to show any title in himself in either lot. He

attempted to establish title to the premises by introducing in evidence a warranty deed from one Mrs. Chadwick and her husband to Esther and Loren P. Hall, two of the defendants, neither of whom claimed any rights in the property in this action involved, so far as the record shows; and also a final decree of distribution of the probate court of the county in which the premises were situated in the matter of the estate of one William Densmore, by which this property was assigned to defendant Esther Hall in fee simple absolute; also a seizure under a writ of attachment of the property as belonging to Esther Hall in an action brought against her, a judgment against her in said action, an execution issued on such judgment, a levy upon such property as belonging to the judgment debtor, a sheriff's certificate of execution sale, in which this plaintiff was named as thé purchaser, proof of the publication of the notice of such sale, and also proof that there was no redemption from the sale.

It seems to stand admitted that these proceedings were sufficient in form to transfer such title as Esther Hall had in the premises to this plaintiff. But this testimony was insufficient to show that plaintiff had such title or interest in these premises as would warrant the maintenance by him of an action to determine adverse claims. This might have been shown by evidence of a complete chain of title from the government down to him, but it is well settled that a deed of real property from a person not in possession, or not shown to be the owner, does not establish a title, and that, when reliance is placed solely upon proof of paper title, the chain thereof must be from the original patentee. Miller v. Long Island, 71 N. Y. 380; Zundel v. Baldwin, 114 Ala. 328, 21 South. 420.

We cannot conjecture on this appeal that Chadwick or the parties named in the deed from him—the same being the judgment debtors referred to—were ever in possession of either of these lots, nor can we conjecture that the defendants George R. Hall and Lee T. Meachum, or either of them, and the plaintiff, Cartwright, derived claim to the premises from or through the same common source.

4. There is absolutely nothing in the contention of plaintiff's counsel that the court erred when, on their motion, it refused to dismiss this case without prejudice. The dismissal was on the ground that the plaintiff had failed to substantiate or establish his cause of action, and amounted to nothing more than a common-law nonsuit. It was not prejudicial in the sense that a judgment entered thereon was an adjudication which would be provable in bar of another action, should one be brought. Craver v. Christian, 34 Minn. 397, 26 N. W. 8.

Judgment affirmed.