FREDERICK M. NORTH vs. THE CITY OF NEW BRITAIN.

First Judicial District, Hartford, May Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

In constructing and maintaining its water-works, a city has the right to place a water-box, which forms a necessary part of its system, upon the sidewalk near the curb, although the top of the box may project two or three inches above the surface of the flagging

and pedestrians may possibly be injured by carelessly stepping upon or stumbling over it; and therefore a verdict finding the city guilty of negligence, which was rendered in apparent disregard of this right, should be set aside as against the evidence.

Argued May 3d—decided June 20th, 1905.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, brought to the Court of Common Pleas in Hartford County and tried to the jury before *Peck, J.;* verdict and judgment for the plaintiff for $293 damages, and appeal by the defendant. *Error and cause remanded.*

The complaint alleges that the plaintiff on the 19th of June, 1903, without his fault or negligence, fell over and upon a street hydrant located in a highway in the city of New Britain in a much traveled part of the sidewalk, a few inches from the curb, and projecting several inches above the surface of the walk, through an opening in the flag, and having a cover upon it which was easily dislodged; that it was not necessary that the hydrant should so project above the surface of the walk, nor that the cover should be so placed upon it; that it was negligent for the defendant to allow it to exist, and that said hydrant constituted an unlawful obstruction in said highway.

The evidence shows that the alleged hydrant was a waterbox, which was a necessary part of the system of the city waterworks of New Britain, and consisted of an iron pipe some four inches in diameter extending into the earth about four feet, connecting with the street service pipe and used for the purpose of enabling the water to be shut off from adjoining buildings by means of a valve or stop-cock in the box. The top of the pipe or box was from two to three inches above the flagging of the sidewalk, in which there is an opening for the box to pass through. It was about six inches from the curb, on a line with the hydrants and hitching posts in that vicinity, leaving nearly fifteen feet of unobstructed sidewalk for pedestrians, and had an iron cover which was held in place by its own weight and by a flange

two or three inches deep fitting the inside of the box.   This water-box was adopted and located in accordance with the regulations of the water department and water commissioners of the city, acting under the provisions of the city charter, and there were, at the time of the accident, upwards of 3,000 water-boxes so located by said department.

It appears from the testimony of the plaintiff himself, who was about seventy years old and was engaged in the business of selling vegetables, that on June 19th at about five o'clock in the afternoon, when it was perfectly light and the water-box was in plain sight, he drove up to the curb opposite the water-box, and in getting out of his business wagon, to do an errand in adjoining store, and without looking to see where he was stepping, stepped upon the cover of the water-box, which was thus raised or tipped, and fell and sprained and seriously injured his ankle.

Counsel for defendant requested the court to charge the jury that upon all the evidence the plaintiff was not entitled to recover, and requested that the verdict rendered be set aside as against the evidence.   Both requests were denied.

*Frank L. Hungerford*, for the appellant (defendant).

*Arthur W. Upson*, for the appellee (plaintiff).

HALL, J.   Upon the undisputed facts shown by the evidence, the trial judge might properly have said to the jury that in his opinion the evidence showed that the water-box did not unreasonably obstruct or endanger public travel (*Tiesler* v. *Norwich*, 73 Conn. 199), and the jury having returned a verdict in favor of the plaintiff the court should have granted the defendant's motion to set it aside.

That under its charter the city authorities had the power to place a water-box in this highway inside the curb; that the duty devolved upon the water commissioners

in constructing and managing the city water-works and regulating the distribution and use of water, to determine whether a device for the purpose for which this one was used, was necessary, and if so, to determine what kind of a one should be used, and where and how it should be placed and set in the street; that in the performance of that duty the water commissioners found it necessary to use such a device, and adopted this particular one and placed it and maintained it precisely where it was when the plaintiff was injured; and that the box itself was not then out of repair—seem to be unquestioned facts.

It is unnecessary for us to decide whether or not these facts prove that the city, as a matter of law, was free from liability upon the ground that they show that the water commissioners, in thus adopting and locating this water-box, exercised fairly the judgment and discretion which was involved in the performance of a public duty imposed upon them by the city charter, since we are satisfied from these facts and from all the evidence in the case that the jury, in holding the defendant liable for the injuries sustained by the plaintiff, must have entirely disregarded the fact that the city had a right to place a water-box upon this sidewalk, and that therefore this water-box, although it might to some extent have obstructed public travel and persons might have been injured by stepping upon it or stumbling over it, did not for that reason necessarily become an unlawful obstruction, or unreasonably obstruct or endanger public travel.

This and other water-boxes were placed in the streets to enable the owners of buildings adjoining the highway to take water from the street pipes and for the purpose of properly regulating the use of the water by them. It was a legitimate use of the highway by the city. In *Wolff* v. *District of Columbia*, 196 U. S. 152, 155, 25 Sup. Ct. Rep. 198, 199, in which a number of cases referred to below are cited, the court says: "There are objects which subserve the use of streets and cannot be considered obstructions to them, although some portion of their space may be occu-

pied." In *Robert* v. *Powell*, 168 N. Y. 411, 414, it is said: "There are some objects which may be placed in or exist in a public street, such as water hydrants, hitching-posts, telegraph poles, awning posts or stepping-stones . . . , which cannot be held to constitute a nuisance. They are in some respects incidental to the proper use of the street as a public highway." In *Elster* v. *Springfield*, 49 Ohio St. 82, 96, the court says: "The laying of sewers, like that of gas and water pipes beneath the soil, and the erection of lamps and hitching-posts, etc., upon the surface, is a street use, sanctioned as such by their obvious purpose, and long continued usage." In *Cincinnati* v. *Fleischer*, 63 Ohio St. 229, 234, in discussing the question of the liability of the city from the existence of a stepping-stone upon a sidewalk, the court said: "It was within that portion of the street which, according to common knowledge, is devoted to carriage-blocks, lamps, hitching-posts and shade trees, which pedestrians of ordinary care observe and avoid." In *Tiesler* v. *Norwich*, 73 Conn. 199, 203, it was held not to be the duty of the town to remove a carriage-block from a sidewalk "unless its size, location, surroundings, etc., were such that . . . it unreasonably obstructed or endangered the public in the use of the walk," although it might be its duty to remove it if placed there without reason or excuse.

The evidence in this case shows that the water-box was placed near the curb, outside of the usually traveled part of the sidewalk, leaving nearly fifteen feet of the walk clear, on a line with the hydrants and posts, and where it is generally known such objects are placed. There is nothing in the evidence to justify a verdict that the sidewalk at this place was unlawfully obstructed, or was not reasonably safe to persons exercising proper care while using it, because it appeared that such a water-box was adopted and was so placed at the outer edge of the sidewalk that from the action of the elements or other causes the top of the box was liable to be a few inches above the surface of the sidewalk or flagging, so that one using that part of the sidewalk, and not looking where he was stepping, might either stumble over it

or by stepping upon the edge of the cover slip and fall and sustain some injury.

As we are of opinion that the verdict was against the evidence upon the question of the negligence of the city, it is unnecessary to consider the other questions raised by the appeal.

There was error in denying the motion to set aside the verdict, and the cause is remanded with directions to set aside the verdict and proceed with the case according to law.

In this opinion the other judges concurred.