## O'Daly v. City of Louisville.

(Decided January 14, 1914.)

### Appeal from Jefferson Circuit Court (Common Pleas, First Division).

Municipal Corporations—Fire Department—Bursting of Hose in Cleaning Street in Front of Engine House—Injury to Pedestrian —Liability.—A city is not liable for injuries to a pedestrian caused by the bursting of a hose lying on a pavement in front of its engine house and used by one of its firemen for the purpose of flushing the street in front of the engine house.

O'NEAL & O'NEAL and D. R. CASTLEMAN for appellant.

LEON P. LEWIS and PENDLETON BECKLEY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In this action for damages for personal injuries by plaintiff, Eugenie S. O'Daly, against the city of Louisville, the trial court, at the conclusion of plaintiff's evidence, directed a verdict in favor of the defendant. To review the propriety of this ruling plaintiff appeals.

The city of Louisville maintains an engine house on the north side of Jefferson street between Sixth and Seventh streets. In front of the engine house is a regular sidewalk, and in the sidewalk very near the building is located a water plug. At the time of the accident one of the firemen was engaged in sprinkling the street in front of the engine house, and to that end was using a hose which was attached to the fire plug and ran diagonally along the pavement to the street. About 6:10 p. m. on August 26, 1912, plaintiff was walking down Jefferson street. When she reached the engine house and had just stepped over the hose the two sections of the hose blew apart at the point where they were coupled, and the force of the water caused the hose to strike her about the ankles, throwing her to the ground and injuring her. It further appears from the evidence that the hose consisted of two pieces, one large and one small. After the accident the coupling on the big hose was still connected with the coupling of the small hose, but the hose had pulled away from the coupling. In order to pass it was necessary for plaintiff to step over the hose,

and she did so without knowledge that it subjected her to any danger. It is the custom for firemen to sprinkle or wash the streets in front of the engine house, and at the time of the accident the fireman in charge of the hose was sprinkling the street in accordance with this custom, and by direction of the captain in charge of the engine house. Aside from the fact that the hose pulled loose from the coupling, the evidence fails to show the condition of the hose was such as to charge those in control of the engine house with knowledge of the fact that it was liable to break.

It is well settled that a municipality in maintaining and operating a fire department exercises a governmental function, and is not liable for the negligence of members of such department. Greenwood v. City of Louisville, 13 Bush, 226; Davis v. City of Lebanon, 108 Ky., 688; City of Bowling Green v. Rogers, 142 Ky., 558; City of Louisville v. Carter, 142 Ky., 443.

It is the contention of the appellant, however, that the governmental function doctrine is not applicable. It is argued that at the time of the injury the city was maintaining two separate and distinct institutions; one a public highway, the other an engine house; that the sprinkling of the street was a part of the duty of the street cleaning department, and under the control of the Board of Public Works, and was in no sense a part of the duty of the members of the fire department, who are under the exclusive control of the Board of Public Safety. It is, therefore, insisted that the city was in no sense exercising a governmental function when plaintiff was injured, but that her injuries were due entirely to a failure on the part of the city to have its sidewalk in a reasonably safe condition for public travel. While this position is maintained with great skill, we are not disposed to take such a narrow view of the duties of a fireman. A fireman, when engaged in repairing the fire apparatus or in cleaning the engine house, certainly acts within the scope of his employment. For a like reason a fireman who flushes the street in front of the engine house in order that the engine or the reel or the ladder wagon may leave the engine house without danger of slipping or sliding on a muddy street performs a duty reasonably necessary for the proper operation of the department. Plaintiff was not injured by reason of any obstruction or defect in the sidewalk. When injured she

had stepped over and past the hose. Her injuries were, therefore, caused solely by the bursting of the hose, which swung around and threw her down, and which at that time was being used by a fireman in flushing the street in front of the engine house. Since, in our opinion, the fireman was engaged in work reasonably necessary for the prudent operation of the fire department, the result is the same as if the plaintiff had been injured by the bursting of a hose used in putting out a fire.

Judgment affirmed.