MARIE VEZINA vs. THE CITY OF HARTFORD.

First Judicial District, Hartford, May Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

For the negligent performance of a governmental duty, municipal corporations in this State are not liable, unless made so by statute.

Members of a municipal fire department engaged in extinguishing or preventing fires are performing a governmental duty.

An obstruction placed in a highway by a municipality for the public benefit does not constitute a defect under § 1414 of the General Statutes unless it unreasonably hinders or endangers public travel.

To guard against the rekindling of a fire which had been extinguished, the fire department of the city of Hartford stationed three men inside the burned building and laid a so-called "dry line" of hose running from the nearest hydrant diagonally across the sidewalk. Between one and two hours later, the plaintiff stumbled over the hose, near which no light or warning sign had been placed, and was injured. *Held:*

1. That, in using the hose as a reasonable precaution against a recurrence of the fire, the department was performing a governmental duty and the city was immune from liability for the plaintiff's injuries.

2. That the hose could be regarded as a defect in the highway, within the meaning of § 1414, only if it had been allowed to remain there after it had ceased to be reasonably necessary for such protection.

Argued May 5th—decided June 28th, 1927.

ACTION to recover damages for personal injuries, alleged to have been caused by a defective sidewalk, brought to the Superior Court in Hartford County where the plaintiff's demurrer to the special defense was overruled (*Wolfe, J.*) and the issues later tried to the court, *Jennings, J.;* judgment for the defendant, and appeal by the plaintiff. *No error.*

*Jacob Schwolsky* and *Harry Schwolsky,* for the appellant (plaintiff.)

Vezina v. Hartford.

*Louis B. Rosenfeld,* with whom, on the brief, was
*W. Arthur Countryman, Jr.,* for the appellee (defend-
ant).

WHEELER, C. J. The city of Hartford maintains
under its charter a fire department. At 5:07 P. M. on
January 7th, 1926, a portion of the department was
called to extinguish a fire on the fifth floor of a build-
ing in the business center of this city at the southwest
corner of Main and Church streets. The fire appa-
ratus was withdrawn at 6:20 P. M. To guard against
a rekindling of the fire, the department left a watch
of three men, together with a "dry line," that is, a hose
which had not been used in extinguishing the fire.
When the apparatus was withdrawn the "dry line"
was coupled to a hydrant nearest the fire and
laid diagonally across the sidewalk on Main Street,
through the yard of the church property adjoining this
building into its north side. The hose was empty and
lay flat between one and two inches above the level of
the sidewalk and about its color. The church property
is separated from the sidewalk by a high iron fence
painted black. The church was unlighted at the time
of this accident. There was no warning sign or light
placed to notify pedestrians that the hose was laid
across the sidewalk. Main Street is a well lighted
street. A double light standard is situated at a point
about four feet north of the hydrant to which the hose
was coupled. The plaintiff, while walking close to
the church fence along Main Street, between 7:30 and
and 8:30 P. M., stumbled over the hose and fell and
was injured. We include in our statement of the facts
those contained in the finding as corrected by us.

The trial court held (1) that the plaintiff was in the
exercise of due care and the defendant not negligent,
(2) that the hose was not a defect in the highway

within the meaning of § 1414 of the General Statutes, and .(3) that defendant in laying and maintaining the hose was engaged in the performance of a governmental duty.

A municipality engaged in the performance of a public duty for the public benefit, and not for its own corporate benefit, will be immune from liability for injuries done by it in the performance of such duty. *Richmond* v. *Norwich,* 96 Conn. 582, 588, 115 Atl. 11, 14. A fire department engaged in extinguishing fires is performing a governmental duty for the general good. Under this principle, we held that a municipality was not liable for injury caused by the negligence of the driver of a hose cart while driving to a fire at a very rapid and dangerous speed. *Jewett* v. *New Haven,* 38 Conn. 368. Again we held, that a municipality, when engaged in flushing out a hydrant for the sole purpose of determining whether it was in a suitable condition for use in extinguishnig fires, was engaged in the performance of a public governmental duty and was not liable for negligence in the discharge of that duty. *Judson* v. *Winsted,* 80 Conn. 384, 68 Atl. 999. No liability attaches to a municipality for the  negligent performance of a governmental duty unless made so by statute. In *Pope* v. *New Haven,* 91 Conn. 79, 80, 99 Atl. 51, we held: "It is well settled in this State that municipal corporations are exempt from liability for the negligent performance of a purely public governmental duty unless made so by statute." We reiterated this in *Epstein* v. *New Haven,* 104 Conn. 283, 132 Atl. 467, which was an action to recover damages caused by the negligence of the servants of a municipality in the care and operation of the amusements in a children's playground in a public park. In *Dyer* v. *Danbury,* 85 Conn. 128, 81 Atl. 985, we held that an injury to a traveler on a highway caused

by the fall of a limb overhanging the street would not be a defect in the highway, but might be a public nuisance imposing upon the municipality a public governmental duty for the neglect of which the municipality would not be liable unless made so by statute. At page 131, we said: "For the nonperformance or misperformance of a merely governmental duty imposed upon a city or town, it is not liable in damages unless a right of action against it is given by statute." See also *Hewison* v. *New Haven,* 37 Conn. 475.

The facts found do not leave in doubt the fact that the defendant municipality in laying and maintaining the "dry hose" line was engaged in a governmental duty. It kept the three men inside the building and patroling it, to watch for the rekindling of the fire, so as to promptly check it whenever it should break out. The hose was attached to the hydrant so as to be ready for instant use in throwing water upon the fire in case it broke out. The suggestion is made that the liability imposed upon this defendant by statute for a defective highway, General Statutes, § 1414, abolishes the rule of governmental immunity wherever it conflicts with it. If this were true, the negligent leaving upon a sidewalk or traveled way of any of the apparatus of a fire department which has been or may be used in extinguishing, or attempting to extinguish a fire, while the fire is raging, might make the municipality liable for injury suffered from falling over such apparatus because it constituted a defect in the highway. It would be difficult to think of an instance which would furnish stronger support for the rule of governmental immunity. It can make no difference whether the fire is raging or has been put out and precautions are being taken to put out the fire in case it should rekindle. The rule of governmental immunity applies in one instance as well as in the other. As

long as the hose could be held to be reasonably in use as an instrumentality for use in putting out the fire should it rekindle, so long the rule of governmental immunity must govern. This must be determined from the nature of the duty imposed or assumed and the character of the act involved. If the hose had been allowed to remain upon the sidewalk after it had ceased to be reasonably necessary for protection against the rekindling of the fire and a traveler had fallen over it, it would then have become an obstruction on the sidewalk which the municipality would have been bound to remedy within a reasonable time after notice of the defect. The case would then have fallen within the doctrine of *Aaronson* v. *New Haven,* 94 Conn. 690, 110 Atl. 872. In the instant case, the hose never became a defect in the sidewalk, since it was there as an aid in the performance of a governmental duty for the benefit solely of the public. The condition which was a prerequisite to the liability imposed for the maintenance of a defective highway under General Statutes, § 1414, did not exist, hence the assumed conflict between the rule of governmental immunity and the liability for a defective highway never arose.

Obstructions placed in a highway by a municipality for the public benefit will not in any event make the highway defective unless they unreasonably obstruct or endanger public travel. *Tiesler* v. *Norwich,* 73 Conn. 199, 202, 47 Atl. 161; *North* v. *New Britain,* 78 Conn. 145, 147, 61 Atl. 68. We have not had our attention called to cases upon the precise point we have last discussed; those which indicate the attitude of the courts as closely, perhaps, as any, are: *O'Daly* v. *Louisville,* 156 Ky. 815, 162 S. W. 79; *Dodge* v. *Granger,* 17 R. I. 664, 24 Atl. 100. The plaintiff's apprehension that the application of the doctrine of

governmental immunity to the case in hand will enable a municipality to act with "perfect abandon as to the rights of individuals" is not well founded. The municipality will not' be relieved from liability "for the negligent acts of their workmen which are not incident to and do not flow from the performance of the public work in which they are engaged, and in doing which acts such workmen are therefore not properly acting as agents of the law; nor from liability for the consequences of the particular acts which the municipality has directed to be performed, and which, from their character or the manner in which they are so ordered to be executed, will naturally work a direct injury to the property of others, or create a nuisance, or occasion a wanton injury to the property or rights of other persons." *Colwell* v. *Waterbury*, 74 Conn. 568, 573, 51 Atl. 530.]

There is no error.

In this opinion the other judges concurred.