OLYMPIA PETRELLI *vs.* THE CITY OF NEW HAVEN.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 6th, 1932—decided January 17th, 1933.

*George E. Beers* and *Edward S. Snyder,* for the appellant (plaintiff).

*Louis Feinmark,* with whom, on the brief, was *Morris Melnick,* for the appellee (defendant).

AVERY, J. The plaintiff brought this action to recover damages for personal injuries claimed to have been received because of an alleged defect in the highway. On the trial to the jury, she claimed to have proved these facts: April 26th, 1931, she went to visit a relative living at 58 Wolcott Street in the city of

New Haven. The street runs east and west, and the house is on the south side. At the entrance to the house was a walk leading to a tar sidewalk six feet in width in front of the house. There was a binding board at the northerly edge of the tar walk, which was placed there about five years before when it was built. Between the walk and the curb was a space two and one-half feet in width covered with earth.

The plaintiff arrived during the afternoon, and stayed until after dark; and, when she left, she passed out of the entrance and walked across the sidewalk toward an automobile which was parked alongside the curb. When she had proceeded until near the northerly edge of the walk, she tripped and fell, landing in the earthen plot between the walk and curb. She claimed that she was caused to trip and fall by the binding board which projected above the level of the walk; and maintained that this constituted a defect in the highway for which the city was liable. The defendant claimed that the sidewalk was not defective at the point where the plaintiff fell, and did not cause her to fall.

The jury returned a verdict for the defendant, and the plaintiff appealed. In her appeal, she assigns error in certain rulings on evidence, in the failure of the court to charge in accordance with certain requests, and in the charge as delivered.

The plaintiff introduced evidence that the fall occurred through stumbling upon the binding board at a point where it was in fact dangerous and the sidewalk was not reasonably safe for public travel. The fall occurred nearly a year before the trial, and in the examination the witnesses varied as to the exact place where it occurred. The plaintiff asked several witnesses as to the condition of the binding board at points other than those at which any witness up to that time

had testified that the fall occurred. The claim of the plaintiff is that there would naturally be a variation in the testimony as to the point where she fell, and that she ought therefore to be permitted to show the conditions all along in front of the house from which she came. The trial court excluded the question. In the case of such a defect as is here claimed, it was peculiarly important that the jury should consider the condition of the binding board at the point only where the plaintiff fell. The trial court was correct in admitting evidence of that condition at those places only where some witness had testified that she fell. The order of evidence at a trial is in the discretion of the trial judge. *Watson* v. *New Milford,* 72 Conn. 561, 566, 45 Atl. 167; *Hammond* v. *Hammond Buckle Co.,* 72 Conn. 130, 138, 44 Atl. 25; *Finch* v. *Weiner,* 109 Conn. 616, 618, 145 Atl. 31; *Hurlburt* v. *Bussemey,* 101 Conn. 406, 416, 126 Atl. 273; *Oberlander* v. *Carstens,* 151 Mass. 18, 19, 23 N. E. 575, 576; *Cartwright* v. *Hall,* 88 Minn. 349, 93 N. W. 117.

A son of the tenant of the property was called as a witness by the plaintiff and testified that the walk was not in a reasonably safe condition. On cross-examination, he was asked if he had ever spoken to the landlord about its condition before the accident. The question was objected to by the plaintiff, and admitted. In this, there was no error; the purpose of the question was to attack the credibility of the witness, and for that purpose it was within the discretion of the court to admit it.

An engineer, who had formerly been in the employ of the city engineering department for many years, was called by the plaintiff and testified that the object of a retaining board was to hold the pavement in place until it hardened, which process would take only a few months, when it should be removed. On cross-exam-

ination, he was asked: "Isn't it so that in a majority of the tar sidewalks in the city of New Haven, the molding is allowed to remain after the sidewalk has been laid, for a period of years?" This question might serve to weaken the witness' testimony as to the lack of beneficial value of the binding board, and for this purpose it was admissible.

The owner of the property, called by the defendant, was asked why he had left the binding board in place, and was permitted to answer, in effect, that it was to prevent the sidewalk from cracking away at the edge. The owner had a right to protect the walk in this way provided his doing so would not make it not reasonably safe, and the testimony was admissible as bearing upon the duty resting upon the defendant under the circumstances, particularly in view of the evidence of the engineer we have just referred to. *Tiesler* v. *Norwich,* 73 Conn. 199, 202, 47 Atl. 161; *Corcoran* v. *New Haven,* 108 Conn. 63, 69, 142 Atl. 569.

In his argument to the jury, the attorney for the defendant stated that a decision adverse to the city would impose upon it a duty of defending many similar cases, and cause great expense in view of the fact that retaining boards in condition similar to that in question existed in various parts of the city; and it would be compelled at great expense to cause such boards to be removed. The plaintiff, at the opening of the argument in rebuttal, excepting to the argument of the defendant, requested the trial court to charge the jury to disregard it. The trial court did so instruct them almost in the language used by plaintiff's counsel in his exception. The matter furnishes no ground for a new trial.

The plaintiff requested the court to instruct the jury that if they found that a dangerous condition had existed for a number of months, they would be entirely

justified in finding that it had been there long enough to enable the city to remedy it. This request did not have surrounding it the safeguards which the law grants to a municipality. Not only must it appear that a dangerous condition existed, but also that the condition was so open and apparent, and had existed such a time, that the defendant city should have become aware of it in the exercise of a reasonable supervision of its streets. *Crotty* v. *Danbury,* 79 Conn. 379, 386, 65 Atl. 147; *Matchulot* v. *Ansonia,* 116 Conn. 55, 57, 163 Atl. 595. The charge of the court as delivered on the question of presumptive notice was in accordance with this rule; and, under the claims of the parties, especially in view of the request to charge just mentioned, was properly submitted to the jury as one of fact. The plaintiff's other requests to charge, so far as they were correct in law, were sufficiently covered in the instructions actually given by the court.

The plaintiff also assigns error in the charge as actually delivered. Several of the assignments are directed to that part of the charge which deals with the rights of the abutting property owner and the obligation resting upon a municipality with respect to that part of a highway between the curb line and the sidewalk where, it appeared, there was a space of bare earth about two and one-half feet wide. The trial court charged the jury with perhaps unnecessary fullness as regards the right of an adjoining owner in portions of the street not devoted to travel and the duty of a traveler in crossing them. But its charge was correct in law, and not so outside the issues of the case that error can be claimed as to it. *Corcoran* v. *New Haven,* 108 Conn. 63, 69, 142 Atl. 569; *Tiesler* v. *Norwich,* 73 Conn. 199, 202, 47 Atl. 161. The court was correct in its charge that the duty of the city was not to make its highways reasonably safe, but to use reasonable care to

make them reasonably safe. *Aaronson* v. *New Haven,* 94 Conn. 690, 696, 110 Atl. 872; *Carl* v. *New Haven,* 93 Conn. 622, 625, 107 Atl. 502. We find no merit in any of the other assignments of error based upon the instructions of the court, which were adapted to the issues and adequate for the guidance of the jury.

The plaintiff's amendment to her reasons of appeal seeking corrections in the finding does not accord with the rules of this court governing such procedure, and requires no consideration. There is no need to consider the defendant's assignments of error.

There *is* no error.

In this opinion the other judges concurred.