## CLARA SHIRLOCK
vs.
## JOHN A. MACDONALD
(Highway Commissioner)

Court of Common Pleas    Hartford County    File #35067

Present: Hon. ABRAHAM S. BORDON, Judge.

Woodhouse & Schofield,    Attorneys for the Plaintiff.

Day, Berry & Howard,    Attorneys for the Defendant.

**MEMORANDUM FILED NOVEMBER 12, 1935.**    121 Conn. 611

BORDON, J. The cases cited in the able briefs filed by counsel for both parties undoubtedly have general application to a case of this kind. The difficulty is to fit the particular facts of this case into them. The Court would have no trouble in applying the law as laid down by our Supreme Court in a long line of cases involving liability of the Highway Commissioner for the care and maintenance of roads and bridges, a duty imposed upon him by statute. The Court does, however, find plenty of trouble in applying the facts to those cases, and in attempting to determine the cause of the collapse. To follow the line of least resistance, it could be inferred that the bridge gave way because of the weakened masonry. It could also be inferred that this weakness developed over a period of years—through light and heavy rains and storms—through increasing and constant use—through natural deterioration. It would also be necessary to find that one examination a year by the Highway Commissioner is inadequate—that the examination is not sufficiently thorough—that another examination should have been made after the rain storm of September 9th. On the other hand, it might also be inferred that in the rain storm of September

17th was the substantial factor in causing the weakness,— and that the care given this bridge by the defendant was reasonable considering that 3028 bridges are under his care in this state.

With the burden of proof on the plaintiff, it seems to the Court that technical or expert testimony could easily have been available to her to prove the exact cause of the collapse. An engineer could have discovered on the day of the accident, or shortly thereafter, just why the bridge gave way, and whether the cause was one that should have been anticipated by the defendant, or should have been disclosed by his inspection of May 1, 1934.

To hold for the plaintiff would require the substitution of inferences, conjecture and speculation for evidence. The Court would gladly draw inferences from facts that would justify them but the subordinate facts must first be presented and from them logical inferences could be drawn. The Court ought not, however, to be called upon to supply the missing facts.

In the instant case, the only fact presented is that the bridge gave way while the plaintiff's truck was passing over it. In the absence of evidence as to the cause, this is not of itself sufficient to prove negligence, unless the doctrine of **res ipsa loquitur** is applied. Our courts have, however, held this doctrine inapplicable in cases involving the duty and liability of the Highway Commissioner.

**Fallowski vs. MacDonald, 116 Conn. 241; Matchulot vs. Ansonia, 116 Conn. 55; Petrelli vs. New Haven, 116 Conn. 144; Meallady vs. New London, 116 Conn. 205.**

The issues are found, and judgment may be entered for the defendant to recover his costs.