## ANNE MORIARTY
*vs.*
## CITY OF WATERBURY

Court of Common Pleas   District of Waterbury   File No. 8435

MEMORANDUM FILED APRIL 28, 1942.

*William B. Fitzgerald,* of Waterbury, for the Plaintiff.

*J. Gregory Lynch,* and *E. J. McDonald,* of Waterbury, for the Defendant.

KLAU, J.   The defendant demurs to the complaint for the reason that it fails to allege a cause of action because the actions of the city and its agents as set forth in the complaint were

·done in the process of extinguishing a fire and therefore in the furtherance of a governmental function.

The demurrer fails to take into consideration that the complaint is founded upon a nuisance created and maintained by the city and its agents and not upon their negligence while engaged in the performance of a governmental function. The question is not whether the city was engaged in a governmental function at the time the injury arose, but whether the facts set forth in the complaint constitute a nuisance.

A municipality, while not liable for the negligence of its agents and employees engaged in the exercise of its governmental functions, may be liable for a nuisance which they create. That liability includes a situation where a nuisance is created upon a highway by the positive act of the municipality. *Bacon vs. Town of Rocky Hill,* 126 Conn. 402, 407; *Brock-Hall Dairy Co. vs. City of New Haven,* 122 id. 321; *Colwell vs. City of Waterbury,* 74 id. 568, 573.

The case of *Vezina vs. City of Hartford,* 106 Conn. 378, ·cited by the defendant, is not in point because in that case the complaint was based upon the statutory liability of the city in creating a defect upon the highway while engaged in the act, of extinguishing a fire and was not founded upon a nuisance created and maintained by the municipality. The defendant is legally liable for injuries claimed to have been ·suffered as the result of the creation by it of a condition in the highway amounting to a nuisance, apart from any liability under the statute for recovery of damages due to a defective road. *Bacon vs. Rocky Hill, supra,* pp. 409, 410.

The question, therefore, to be determined, is whether the facts alleged in the complaint constitute a nuisance. The word "nuisance" involves as an essential element that it be the natural tendency of the act or thing complained of to create danger or inflict injury upon person or property. *Brock-Hall Dairy Co. vs. City of New Haven, supra,* p. 326. The question is whether the situation so created was so inherently dangerous and a menace to the safety of users as to constitute such a nuisance that the defense of immunity from liability as for negligence in the performance of governmental duty is not available to the defendant with respect thereto. *Hoffman vs. City of Bristol,* 113 Conn. 386, 392.

The question is whether the placing of the fire hose upon

the sidewalk and leaving it unprotected and unguarded for several hours in a densely traveled portion of the city had a natural and decided tendency to create danger to and inflict injury upon a person passing over the sidewalk in the nighttime. *Bacon vs. Rocky Hill, supra.* These facts constitute no momentary negligence as were the facts in the case of *Brock-Hall Dairy Co. vs. City of New Haven, supra.* Under these facts, which are admitted by the demurrer, a trier could reasonably conclude that the natural tendency of leaving hose for several hours in the nighttime unprotected and unguarded upon a heavily traveled sidewalk was to create a danger to and inflict injury upon a pedestrian lawfully using the sidewalk.

A reasonable conclusion can be drawn from the facts alleged in the complaint of the existence of a nuisance created and maintained by the municipality. The defense of governmental immunity is not available to the defendants and, therefore, the demurrer must be overruled. Demurrer overruled.