## JUDITH ROWELL *vs.* CITY OF LOWELL.

A city is not liable for an injury suffered by slipping and falling upon a sidewalk, by the combined effect of the unsafe condition of the sidewalk and the like condition of steps without the limits of the highway.

ACTION OF TORT to recover damages for an injury sustained by the plaintiff from a want of safety and repair of the sidewalk of Middle Street in the city of Lowell.

At the trial in the court of common pleas, before *Mellen*, C. J., there was evidence tending to prove that as the plaintiff was passing out of the post-office building to Middle Street she slipped from the steps (which were without the limits of the highway) to the sidewalk, and there continued slipping until she fell and received the injury complained of; that both the steps and the sidewalk were covered with ice, so as to be slippery and unsafe, and had remained so for more than twenty four hours.

The defendants asked the court to instruct the jury " that if the steps were in an unsafe condition, and she slipped from them, and they caused her fall, then she could not recover, under this declaration, though the sidewalk might be unsafe."

The court refused to give the instruction prayed for; but instructed the jury "that if the plaintiff was coming out of said building upon the street from said steps, the same being in an unsafe condition, and though the defendants were not responsible for that condition of the steps, she being in the use of ordinary care, and after leaving said steps, she stepped on said sidewalk, the same being also in an unsafe condition, and fel upon the sidewalk from the combined effect of slipping on the steps and said unsafe condition of the sidewalk, she was entitled to recover for the injury sustained by her fall."

The jury found a verdict for the plaintiff, and the defendants alleged exceptions.

*B. F. Butler & N. St. J. Green,* for the defendants. The instructions which the defendants requested should have been given. The plaintiff cannot be said to be injured " by reason of" or " through" the defect or want of repair in the highway, within the meaning of the Rev. Sts. c. 25, § 22, and *St.* 1850, c. 5, if any other cause contributes to the injury. *Moore* v. *Abbot,* 32 Maine, 46. *Farrar* v. *Greene,* 32 Maine, 574. *Palmer* v. *Andover,* 2 Cush. 600. The unsafe condition of the highway must be the efficient cause of the injury, or at least a cause without which it would not have happened. The city were bound to have the sidewalk in a condition to be walked upon safely, but were not bound to have it in a condition to be slipped down upon from the steps. Under the instructions given, the jury might have found a verdict for the plaintiff, although they also found that the same injury would have occurred if the street had been in a safe condition.

*G. A. Somerby & P. Haggerty,* for the plaintiff. The verdict has settled that, when the accident happened, the sidewalk was in an unsafe condition, and the plaintiff was in the use of ordinary care. It does not appear by the bill of exceptions that her slipping on the steps contributed to her fall on the sidewalk. But if it did, her injury was produced by her slipping on the sidewalk, of which the unsafe condition of the sidewalk was the immediate and efficient cause, and the slipping on the steps the less and more remote cause; and that slipping was a mere acci-

9 *

dent. This case is within the principle of *Palmer* v. *Andover* 2 Cush. 600, and *Hunt* v. *Pownal*, 9 Verm. 411, which are inconsistent with the decision in *Moore* v. *Abbot*, 32 Maine, 46.

DEWEY, J. The case of *Palmer* v. *Andover*, 2 Cush. 600, is much relied upon to sustain the ruling in favor of the plaintiff in the present case. That case, although not having the weight of a unanimous opinion of this court, was deliberately considered and settled, and is to be taken to be the law of this commonwealth applicable to similar cases. In coming to the result we did in that case, we were fully aware of the difficulty of drawing a well defined line between the cases where responsibility would, and where it would not attach to the town, when the injury was occasioned in part by other causes than that of a defective highway. Each case, as it occurs, must be decided, in that respect, upon its own peculiar circumstances.

The case of *Palmer* v. *Andover* presented the case of a defective highway, and to such extent defective as not to be in proper repair for ordinary travel, for want of a suitable rail or barrier. It was also made to appear to the satisfaction of the jury that such rail or barrier, thus required for security of the traveller, would have prevented the happening of the injury complained of. The injury sustained in that case was the combined effect of an accident occurring to the carriage and the defect above stated in the road; the accident being one which common prudence and sagacity could not have foreseen and provided against. The damage occurred wholly on the highway, and with no coöperation, nor through any negligence of a third party. The case was one where no duties had been neglected, nor any defaults occurred on the part of any one, except the town of Andover. Under these circumstances, the court held that the plaintiff was entitled to maintain his action.

In the case now before us another element is alleged to exist. The defendants allege that the injury to the plaintiff commenced by her feet slipping without the limits of the highway for whose repair the defendants are responsible; that the slipping commenced upon the steps of the post-office building; that those steps were covered with ice, and were in an unsafe state;

and that by reason of such unsafe state of those steps the plaintiff fell on the sidewalk, which was also covered with ice, and was unsafe for travel thereon. As to this, proof was offered and relied upon by the defendants. But the ruling of the court was to the effect, that if both the steps and the sidewalk were in an unsafe condition, and the fall upon the sidewalk was the combined effect of slipping upon the steps and the unsafe condition of the sidewalk, and although the defendants were not responsible for the condition of the steps, the plaintiff was entitled to recover for the injury sustained by her fall.

We do not feel authorized to sustain so broad a principle as seems to have been adopted at the trial, as to the responsibility of towns for neglect to repair their highways. We think the ruling goes further than that of *Palmer* v. *Andover*. It adopts the doctrine, that the injury may result from the combined effect of negligent acts of omission or commission, inconsistent with ordinary care, on the part of a third party, and an existing want of repair in the highway, and yet the town be charged with the damages occasioned by such injury thus proceeding in part from causes wrongfully existing without the limits of the highway.

But we think the only exception to the rule, that the plaintiff cannot recover unless the defect in the highway was the sole cause of the injury, must be one like that in *Palmer* v. *Andover*, where the contributing cause was a pure accident, and one which common prudence and sagacity could not have foreseen and provided against. The contributing cause of the injury here was of a different character, involving default and negligence without the limits of the highway. If the injury was caused only through the combined effect of slipping upon the steps, which were out of repair and unsafe, and upon the sidewalk, which was also out of repair and unsafe, the defendants would not be responsible therefor. *New trial ordered.*