## MYRON A. BLISS *vs.* INHABITANTS OF WILBRAHAM.

In an action against a town to recover damages for an injury sustained by reason of a defective bridge, no exception lies to the exclusion of a question put by the defendants, as to how the bridge compared, on the day of the accident, in respect to its safety and state of repair, with other bridges of like character on roads of like amount of travel.

.f in such action there is evidence tending to show that the accident happened in consequence of the youth and vicious conduct of the plaintiff's horse, the defendants have no .ground of exception to a ruling by the judge that " ordinary care requires a person driving on the highway to do so with a horse which will not, when exposed to ordinary objects and noises upon and along the highway, become unmanageable by a driver of ordinary skill and prudence; " and that, " if a vicious or untrained condition of the horse for ordinary public travel contributed with the insufficiency of the rail to produce the injury, the plaintiff cannot recover."

TORT to recover damages for an injury sustained by reason of a defective bridge.

At the trial in the superior court, before *Brigham*, J., it appeared that the plaintiff, while driving over the bridge, was thrown with his wagon into the water below ; and there was evidence tending to show that the bridge was defective, and that the accident happened in consequence of the defect. The defendants called one Dwight who was in the habit of crossing the bridge, and asked him how it compared on that day, as to its safety and state of repair, with other bridges of like character on roads of like amount of travel ; but the evidence was excluded.

The defendants introduced evidence tending to show that the plaintiff's horse was young and balky, and that he backed the wagon against the railing of the bridge with such force as to throw both railing and wagon into the stream. The judge instructed the jury that ordinary care would require a person driving on the highway to do so with a horse which will not, when exposed to ordinary objects and noises upon and along the highway, become unmanageable by a driver of ordinary skill and prudence in the management of horses ; and that, if a vicious or untrained condition of the horse for ordinary public travel contributed with the insufficiency of the rail to produce the injury, the plaintiff could not recover.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*H. Morris, C. A. Winchester & G. M. Stearns,* for the defendants. The question proposed to the witness was competent. *Raymond* v *Lowell,* 6 Cush. 531. The instructions were not sufficiently favorable to the defendants. A vicious horse may not be unmanageable, but may be capable of being subdued; but the accident may occur before he has been subdued. The instruction was calculated to mislead the jury.

*J. Wells & N. A. Leonard,* for the plaintiff.

GRAY, J. 1. The question put to Dwight as to the safety and state of repair of this bridge, compared with others, was properly excluded. It did not relate, as in the case of *Raymond* v. *Lowell,* 6 Cush. 531, cited by the defendants, to the mode of constructing a particular part of the highway; but sought to obtain from the witness a statement of his opinion upon its general condition, which was the very question to be determined by the jury.

2. The defendants have no ground of exception to ne in structions given to the jury in relation to the horse. It does not appear that this highway was so unlike other highwavs as to make a difference in the kind of horse which could be driven on it safely. The first instruction, as to the care required of the plaintiff so far as concerned the horse, was expressed with great clearness and precision; and the final instruction is to be interpreted with reference to it, as if it had read thus: If the horse was such as would, when exposed to ordinary objects and noises upon and along the highway, become unmanageable by a driver of ordinary care and skill, and this character of the horse contributed to produce the injury, the plaintiff cannot recover. Upon the whole instructions on this subject, taken together the defendants have no ground of exception.

*Exceptions overruled.*