HARLEY S. PLACE *vs.* THE TOWN OF STERLING.

First Judicial District, Hartford, January Term, 1913.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, JS.

The statutory liability (§ 2020) of a town for injuries received from defects in a highway exists only when the defect alone is the proximate cause of the injury. If the negligence of the plaintiff or of a third person concurs with the highway defect in producing the injury, there is no cause of action.

That the highway defect was the proximate cause of the injury is an affirmative fact to be proved by the plaintiff; and to entitle the case to go to the jury there must be enough evidence of this fact to remove the question from the realm of speculation and conjecture.

In the present case the plaintiff offered evidence that the highway in question was defective, that a short, unguarded driveway led from this highway to a pond, in which a pair of plaintiff's horses, driven by one *E*, were found drowned; but it also appeared from the evidence that *E* was familiar with the roads in question, that he was lying intoxicated and unconscious in the wagon at the time, that the reins were fastened about the brake, and that the situation was such that an exercise of reasonable care upon the part of the driver would have prevented the horses from going into the pond. *Held* that the plaintiff had failed to make out a case for the jury and was properly nonsuited, whether *E* was or was not acting in the course of his employment for the plaintiff at the time in question.

Argued January 7th—decided March 11th, 1913.

ACTION to recover damages for the loss of a pair of horses caused by an alleged defective highway in the defendant town, brought to the Superior Court in Windham County where the plaintiff was nonsuited in a trial to the jury before *Bennett, J.*, from which judgment he appealed. *No error.*

*Charles E. Searls* and *Harry E. Back*, for the appellant (plaintiff).

*William A. King* and *George E. Hinman*, for the appellee (defendant).

RORABACK, J. The plaintiff alleges that on the evening of October 17th, 1909, his horses were drowned in Oneco Pond in the defendant town; that the highway near the place where his horses were drowned was defective and out of repair; that his injuries were caused by this defect; and also that his own negligence did not contribute to his injuries.

The defendant admitted that the plaintiff's horses were drowned, and denied all the other allegations.

Under the issues thus presented, the plaintiff assumed the burden of proof of establishing, by a preponderance of the evidence, each of the three last-mentioned propositions by substantial evidence, upon which the jury might reasonably have reached a conclusion favorable to the plaintiff. If this were not done the nonsuit was properly granted.

The plaintiff offered evidence of the following facts: In the summer and fall of 1909 the plaintiff owned and operated a steam sawmill at Oneco in the defendant town. The plaintiff resided in the town of Killingly, several miles away, and his son, Walter Place, was the plaintiff's foreman and in charge of the work and men in Oneco. One Joseph Ennis had been in the plaintiff's employ more or less for two or three years, and continuously during the summer and fall of 1909, as a teamster engaged in drawing logs to the plaintiff's sawmill.

On the morning of October 17th, 1909, which was Sunday, Walter Place ordered Ennis to take the plaintiff's horses and wagon and draw a load of slabs to Oneco. About ten o'clock in the forenoon of that day, when Ennis went to the woods to load the slabs, he had a quart of liquor with him, which he commenced drinking. He continued drinking this liquor, and, after he had unloaded the slabs, he was so intoxicated that he lay down in the bottom of the wagon and re-

membered nothing more until some time after dark, when he found himself in the water of Oneco Pond, with the horses and wagon; he then tried to get the horses out of the pond, but was unable to do so. The lines were then tied to the brake. Ennis felt cold and got out of the wagon, went into a wood-shed near-by and lay down until morning.

Oneco Pond, where the accident occurred, is a mill-pond. The distance from the public highway to the edge of the pond, at this point, was about one hundred and twenty-five feet. The highway was about twenty-one feet higher than the pond. From the highway to the pond there was a driveway, which branched off from the public highway. This driveway extended through a barway, and descended down to the pond at a grade of about one foot to every five feet. There were no bars or railing to prevent a team from leaving the highway and going down this driveway into the pond. The water of the pond was shallow for a distance of ten or fifteen feet from its edge. Ennis was familiar with the highway, driveway, and the pond at this place. For about two months of the summer of 1909 he drove down this driveway with a pair of horses and a wagon, and turned between the driveway and the water and backed into the pond for the purpose of getting water for the plaintiff's steam sawmill. The tracks of the horses and wagon, the morning after the accident, indicated that they came down this driveway and went through the shallow water out into the deep water of the pond, where the horses were drowned.

The plaintiff offered evidence to show that Ennis, without the plaintiff's knowledge and consent and contrary to his orders, took and used his horses for the transaction of the business in which they were engaged when the accident occurred.

Assuming that there was evidence introduced from

which the jury might have reasonably found that the highway was defective, and that the plaintiff was in the exercise of due care, it does not necessarily follow that the plaintiff has a cause of action against the town. This is not an action of negligence, but an action on a statute which, among other things, provides that "any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." General Statutes, § 2020. The town had committed no tort against the plaintiff. It is the statute only, which entitles the plaintiff to compensation for his injury when that injury is caused through or by means of a defect in the highway. If the negligence of himself, or of a third person, is also a proximate cause, he cannot say that he was injured by the defect; he can only truthfully say that he was injured by his own or another's carelessness and the defect. The two causes combined give no cause of action under the statute. *Bartram* v. *Sharon*, 71 Conn. 686, 690, 43 Atl. 143. The cause of the accident was an affirmative fact, an essential part of the plaintiff's case, to be established by the plaintiff's evidence before the defendant was called upon to offer its defense. It was not necessary for the plaintiff to exclude every possibility that the accident may have happened through some other cause than a defective highway, but he was bound to introduce evidence enough to remove this question from the realm of speculation and conjecture. *Morse* v. *Consolidated Ry. Co.*, 81 Conn. 395, 399, 71 Atl. 553; *Hickey* v. *New York, N. H. & H. R. Co.*, 83 Conn. 713, 715, 78 Atl. 655.

The bare statement of the facts in this case carries with it the conclusion that Ennis was not in the exercise of due care when the accident occurred. It clearly appears that he was heedless and inattentive to a culpable degree. Ennis was thoroughly familiar with the

conditions existing at this place, and he should have been in the possession of his senses so as to have avoided the danger, if possible. If it was dark, as the evidence shows, he was called upon to use that prudence incumbent upon him under such circumstances. *Rowell* v. *Stamford Street R. Co.,* 64 Conn. 376, 380, 30 Atl. 131. The accident may have been attributable to a defective highway, but there was nothing before the jury to enable them to reasonably reach such a conclusion. It is manifest that there were other causes than the neglect of the defendant which might have caused the plaintiff's injury. It may have been, for aught that appears, that the final act of negligence which was the proximate cause of the accident was that the driver, at the time and after the horses left the highway, lay upon the bottom of the wagon powerless, unconscious, and with the lines tied to the brake. If he had exercised the care that was necessary because of the situation, he might have known, and easily have avoided, the defect and danger existing at the place in question. The cause of the accident shown was merely a matter of conjecture. The burden of proof, as we have seen, was upon the plaintiff to show that his injuries were caused by a defective highway. This was not done. Upon the plaintiff's own testimony he was properly nonsuited.

There is no error.

In this opinion the other judges concurred, except HALL, C. J., who concurred in the result, but died before the opinion was written.