ERNEST G. H. GUSTAFSON *vs.* THE CITY OF MERIDEN.

Third Judicial District, Bridgeport, October Term, 1925.

WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

In an action against the city of Meriden to recover damages for the death of the plaintiff's intestate, alleged to have been caused by a defect in a highway, the question asked of a witness for the plaintiff, "Do you recall a single bad portion of the highway between Hartford and New Haven other than this particular stretch of roadway?" was irrelevant and immaterial and improperly admitted by the trial court.

The defendant city was in no position to claim as harmful or reversible error the admission of objectionable testimony, upon cross-examination of its engineer, concerning repairs made to the highway in question after the accident, where it appeared that the very subject had been touched upon by the defendant's counsel in direct examination of the same witness, and that prior to the ruling complained of, other questions relating to such repairs had been asked and admitted upon cross-examination without objection or motion to strike out.

When all the evidence in a case is before this court upon an appeal from the denial of a motion to set aside a verdict, it may be examined to supplement a manifestly incomplete finding as to a ruling on evidence which is also assigned as error.

In an action against a municipality under §1414 of the General Statutes, the question of the defendant's negligence is incidental and subordinate to the main issue of liability, which is whether or not, under all the circumstances surrounding the accident, the highway was in a reasonably safe condition for public travel and traffic; and, therefore, a charge to the jury which rests the defendant's responsibility upon the broad doctrines of common law negligence and does not limit their application to the more restricted liability defined in the statute, is erroneous.

Unlike the rule which obtains in ordinary actions for negligence, a municipality is not liable under the statute if the defective highway, though a proximate cause, concurs with the culpable negligence of a third party to produce the accident; to warrant a recovery, it must be the sole, proximate cause, and the charge to the jury should so state.

The liability created by §1414 is not in tort, but is penal in its nature.

Argued October 27th—decided December 23d, 1925.

ACTION to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the negligence of the defendant, brought to the Superior Court in New Haven County and tried to the jury before *Marvin, J.;* verdict and judgment for the plaintiff for $7,500, and appeal by the defendant. *Error and new trial ordered.*

*William M. Luby,* for the appellant (defendant).

*Cornelius J. Danaher,* for the appellee (plaintiff).

KEELER, J.  This action was tried to the jury to recover damages for the death of plaintiff's intestate by reason of the defect, hereinafter described, in Cook Avenue, a public highway in defendant city.  The plaintiff offered evidence to prove, and the jury might reasonably have found, that the plaintiff's intestate was in the occupancy of the side-car of a motorcycle which was driven by one Johnson on Cook Avenue, at 4 A.M. on June 22d, 1924; that on the traveled surface of this highway three large holes had existed for an unreasonable time, rendering the highway unsafe for public travel; that it was at this point unprotected by lights, barriers, or any sort of warning; that neither the intestate nor Johnson had any knowledge of the defective condition of the highway; that because of these defects both of them were thrown from the vehicle, and the intestate received injuries from which he died on the same day; and that plaintiff thereafter took out administration on the estate of the deceased. The jury returned a verdict for $7,500 damages for the plaintiff, which the trial court, on motion, refused to set aside.  Defendant appealed from this decision of the court, but this ground of appeal was not pressed in argument.  Defendant further appeals from the admission of certain testimony, from the failure of the

court to give three certain instructions, and because of three certain instructions given.

Wilmot H. Benn, a witness for the plaintiff, testified, without objection, upon the condition and state of repair of the roadway below the place where the injury occurred, and was then asked, "Do you recall a single bad portion of the highway between Hartford and New Haven other than this particular stretch of roadway?" To this question objection was made, and upon inquiry by the court whether the question was claimed to be pertinent upon the question of warning to the driver of the vehicle, counsel for plaintiff replied, "No; no, if your Honor please. It has a bearing upon the question of care, the uniform good condition of the roadway above this point and below this point in contrast with this one hundred yards or so, of concrete." The question was admitted and answered, "No, I don't"; and an exception was taken. Evidence of the condition of the highway at places other than the place of injury is not admissible. *Cunningham* v. *Fair Haven & W. R. Co.*, 72 Conn. 244, 249, 43 Atl. 1047; *Bliss* v. *Wilbraham*, 90 Mass. (8 Allen) 564; *Louisville & N. R. Co.* v. *Fox*, 74 Ky. (11 Bush) 495, 505; White on Negligence of Municipal Corporations, p. 988. At times testimony as to the condition of parts of the highway immediately adjacent to the part in question has in some jurisdictions been admitted as showing some peculiarity of condition or construction; but the comprehensive question just quoted relating to the quality of the roads from New Haven to Hartford has neither relevancy nor materiality. That an excellent road existed in Wallingford or Berlin has no bearing whatever upon the nature and extent of the disrepair of a strip of street in Meriden, or upon the care required of one making use of the strip where the injury occurred. The question and answer could have had no

Gustafson *v.* Meriden.

other effect upon the jury than improperly to prejudice them against the defendant as regards the maintenance and repair of the highway, without throwing any light upon the particular transaction in question or its physical surroundings. The evidence could hardly fail to be extremely harmful to the defendant. The admission of the testimony was erroneous.

C. Perry Prann, city engineer, was called by the defendant as a witness and questioned as to the layout of Cook Avenue, and the material used in its construction. As to these matters he was cross-examined with considerable particularity, stating, without objection, among other things, that approximately five hundred feet of Cook Avenue near the scene of the injury had since the time of the injury been resurfaced with sheet asphalt. He was then asked the question, "Now will you indicate upon the map where the five hundred feet of sheet asphalt is?" To this last question objection was made on the ground of the immateriality of the evidence sought to be produced, that no time when the work was done had been stated, and that it was too remote. Plaintiff's counsel then asked the witness to fix the time, and he answered that it was in August, 1924. The objection was then renewed on the same grounds, and plaintiff's counsel claimed the line of inquiry as proper cross-examination, since the fact of the change in the surface had been brought out on direct examination. The trial judge stated that such was his recollection, admitted the question and answer, and an exception was duly taken. It does not appear in the finding whether the matter had been opened on the direct examination, and the finding in that regard is incomplete. The evidence can therefore be inspected to supplement this omission (*Friedler* v. *Hekeler*, 96 Conn. 29, 34, 112 Atl. 651) and we find in the report of this witness' direct examination, that it

appears that the witness was asked, after he had stated the condition of the pavement on the day of the injury, "Is it the same now as it was then?" Against the objection of plaintiff's counsel the witness replied, "It is not the same." The counsel for defendant now claims that this testimony was inadmissible, since evidence of subsequent repairs was incompetent to show the condition of affairs at the time of the injury. This is very familiar law, and we need not cite authorities in its support. Such testimony is highly objectionable. However, in view of the fact that the subject of change in the road was touched upon, although lightly, in the direct examination, that in the earlier part of the cross-examination the fact of repairs to the road was gone into at some length before objection, that the ground of objection stated at the trial was not that insisted on in brief and argument, and that no motion was made to strike out the testimony which had been given in the cross-examination before the first question objected to was asked—we cannot say that the admission of this evidence was harmful or the action of the court reversible error.

The remaining reasons of appeal are concerned with the court's refusal to give certain instructions asked for, and in giving certain other instructions claimed to be erroneous. All of these questions hinge upon and relate back to the statutory liability of defendant. This action was not one of negligence, but one upon the statute, which provides that "any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." General Statutes, § 1414. The defendant requested the court, in its second and seventh requests, to charge the jury that the duty placed upon the defendant city by this statute does not require that the city's highways be made absolutely safe under all

circumstances, even for those who use them properly, or that the city be an insurer of all travelers on its highways; that its duty was to keep the highway in a reasonably safe condition for public travel. The trial court did not comply with these requests further than to instruct the jury that the defendant was not an insurer of its highways; on the contrary, it instructed the jury as in an ordinary negligence case. "Negligence," the court charged, "is absence of due care; and that means the care that a reasonably prudent man would exercise under the same circumstances. In this case the defendant is not a man, it is a corporation, the city of Meriden. You have to apply the same remark to the city, that it must exercise that degree of care which the circumstances would reasonably require of a city."

It is claimed by the defendant that the combination of the refusal of its requests and of the one given results in an inadequate statement of the liability of a municipality under the statute, and of the dominant issue arising in actions thereunder, that is, whether "under all the circumstances surrounding the accident was this highway in a reasonably safe condition for public travel and traffic." The quotation is from the opinion in *Nolan* v. *Mansfield,* 91 Conn. 542, 547, 100 Atl. 438, in which this court has said that it is a correct, general statement of the law. In so saying the opinion follows the cases of *Bartram* v. *Sharon,* 71 Conn. 686, 43 Atl. 143, and *Upton* v. *Windham,* 75 Conn. 288, 291, 292, 53 Atl. 660.

It is true that the primary liability of the municipality to keep the road in proper condition was incurred in the present case if there existed a defect rendering the same unsafe for ordinary public travel, and if the municipality did not seasonably repair the same, this neglect was negligence. Had the primary

liability above referred to and defined been brought in the first instance to the attention of the jury, and then through consideration of the claimed defect the question of negligence in connection therewith had come into its proper place, then a proper instruction as to such negligence would have been in order and required, in proper co-ordination with and subordination to the main rule of liability. The objection to the charge as given, is not that it is not a fair statement of the doctrine of common-law negligence, but that, in defining negligence, it also gives the usual definition of the liability arising from such negligence which was a greater and different liability from the statutory liability of municipalities as regards highways. It would be very strange if many, if not all, of the jurors serving in the trial of the present action had not sat in cases involving ordinary liability for negligent conduct; in fact the opening words of the paragraph of the charge upon this topic, "And you will recall also that in a negligence case," etc., clearly were intended to bring to the jurors something with which they were familiar. The true ground of liability was not stated in this part of the charge certainly, and unless from something that follows therein this omission was cured, the charge of the court so far as considered was erroneous. Requests two and seven, or their equivalent, should somewhere appear in the charge, which does not appear to be the case.

The sixth reason of appeal is concerned with the failure of the court to give to the jury request numbered five. The objection may be formally stated as being that the court did not properly present to the jury the rule of law that the defect alleged must be the sole and essential cause of the injury complained of, and that if the negligence of plaintiff's intestate, or of a third party, is also a proximate cause, he has no

action and cannot recover. Our law as to the liability of a municipality for highway defects is clear and well defined. It is considered exhaustively in the leading case of *Bartram* v. *Sharon,* 71 Conn. 686, 43 Atl. 143, and further elaborated and explained in *Upton* v. *Windham,* 75 Conn. 288, 53 Atl. 600. See also *Place* v. *Sterling,* 86 Conn. 506, 509, 86 Atl. 3. In the opinion in the first case, JUDGE HAMERSLEY makes very clear the distinction between a common-law action for negligence and an action founded on the statute, briefly in this way: The State provides highways, it places upon towns, or municipalities of like function, the duty of construction and maintenance in safe condition for public travel (General Statutes, § 1407), and if, by reason of some defect, they are not so maintained, gives to a person injured by the defect a right of action for damages by General Statutes, § 1414. Neither the State nor its instrumentality, the municipality, has committed any tort against the injured person; he simply has acquired a right to enforce a penalty. The statute is a penal one. The opinion says, page 690: "But this law of negligence has no application to the present action, which is not an action of negligence but an action on a statute. We have not here the case of a party injured by the negligence of two wrongdoers. The town has committed no tort against the plaintiff. It is the statute only, which entitles the plaintiff to compensation for his injury when that injury is caused through or by means of a defect in the highway. If the negligence of himself or of a third person is also a proximate cause, he cannot say with truth that he was injured by the defect; he can only say with truth that he was injured by his own or another's carelessness and the defect, and the two combined give no cause of action under the statute." See also *Place* v. *Sterling, supra.*

The fifth request to charge, or something of the same purport, should have been given. Defendant claims that the failure so to do, taken in connection with the charge as stated in the eighth reason of appeal, giving the three heads or elements of an ordinary action for negligence, did not give a correct view of the defendant's liability under the statute, but had the effect of assimilating it to the ordinary action of negligence. This claim is meritorious, unless there is some other portion of the charge which puts the matter as a whole upon the right footing. The plaintiff in argument contended that this latter purpose was effected by another part of the charge. This portion of the instructions is concerned with the application of the doctrine of proximate cause, and the doctrine as expounded therein is the doctrine as applied in ordinary negligence cases. It does not meet the point of "sole, proximate cause" applicable to this class of actions. The point in question can best be approached by an illustration. A negligently injures X, and in the same occurrence the latter is injured by B, and the injuries inflicted by A and B are each a proximate cause of the infliction; X can then recover at common law against both tortfeasors. Now substitute for A a town or other municipality charged with maintenance of highways, and the rule of common-law negligence no longer applies, and X cannot recover from A.

Now this part of the charge makes reference to certain acts of the deceased and of Johnson, and charges that if either contributed to the injury, the defect in the road would not be its proximate cause; in other words, the court was simply charging the law of contributory negligence as negativing the legal possibility of the existence of proximate cause. The charge in no way covers the point of the possibility of two proximate causes concurring in the injury. The jury should

have been instructed that it must not only find the defect in the highway to be a proximate cause, but the sole, proximate cause. There is nothing in the charge which squarely presents this dominant issue to the jury for its determination. This omission constitutes error.

A final ground of error is the claim set forth in the tenth reason of appeal, that the trial court erroneously assumed certain facts as supported by the evidence. The charge is not open to this criticism.

There is error and a new trial is ordered.

In this opinion the other judges concurred.