## JOSEPH ROGERS *vs.* THE CITY OF MERIDEN.

Third Judicial District, Bridgeport, April Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued April 9th—decided June 13th, 1929.

*Cornelius J. Danaher,* for the appellant (defendant).

*Lewis J. Somers,* for the appellee (plaintiff).

HAINES, J. From the evidence offered by the plaintiff the jury could reasonably have found that in proceeding to his home about half-past eight on the evening of January 19th, 1928, while walking on a public sidewalk near the corner of South Colony and Cooper Streets, Meriden, the plaintiff tripped on a stone which was used by the city as a cover for a sewer catch-basin, causing him to lose his balance and fall, resulting in a compound fracture of the left leg near the ankle; that the stone was large and uneven and irregular in shape, four feet in length, twenty inches in width and five to seven inches high, the face of which nearest the sidewalk was chipped off at one end forming a cavity between the top of the stone and the ground, in which the plaintiff's foot caught; that at that point in the walk it was dark and unlighted and the presence of the stone was not known to the plaintiff. The jury might reasonably have found this made the sidewalk at this point dangerous for public travel, and constituted a defect in the walk within the meaning of our statute. General Statutes, § 1414. The jury awarded damages to the plaintiff and the defendant appeals to this court. Nine of the seventeen errors alleged relate to the distinction between an action for negligence and one under the statute which it is claimed the court failed to observe and apply. We cannot concur in this or the further claim covered by two assignments, that the court lost sight of the primary liability of the city—the alleged defect and the duty of reasonable care imposed by law upon the city under the circumstances, or that the action was treated as one for negligence.

After calling attention to the claims made by the plaintiff in his complaint, the court clearly stated to the jury that the action was one under the statute—General Statutes, § 1414—which was read and explained in sufficient substance to them, and that this action was based upon that statute. In the definition of the duty imposed upon the city under this statute in regard to this sidewalk, we observe no failure in any essential respect to state the correct rule in this State as reflected in numerous decisions of this court, nor is any pointed out by the appellant. *Bartram* v. *Sharon,* 71 Conn. 686, 692, 43 Atl. 143; *Upton* v. *Windham,* 75 Conn. 288, 291, 53 Atl. 660; *Aaronson* v. *New Haven,* 94 Conn. 690, 110 Atl. 872; *Gustafson* v. *Meriden,* 103 Conn. 598, 603, 604, 131 Atl. 437; *Frechette* v. *New Haven,* 104 Conn. 83, 87, 88, 132 Atl. 467; *Vezina* v. *Hartford,* 106 Conn. 378, 382, 138 Atl. 145; *Corcoran* v. *New Haven,* 108 Conn. 63, 69, 142 Atl. 569; *Kristiansen* v. *Danbury,* 108 Conn. 553, 556, 557, 143 Atl. 850. Though a default by the city in its statutory duty was—and not improperly—characterized as negligence, the liability of the city was nowhere based upon the common law of negligence but upon the statutory penalty for its failure to use reasonable care to maintain the walk in a reasonably safe condition for travel.

Three assignments of error relate to the alleged failure of the court to charge as to the duty of the city with regard to the construction and maintenance of the catch-basin, upon the cover of which the plaintiff claimed to have tripped, and the claim is made that the jury should have been told that the maintenance of this catch-basin was a governmental duty. Without so characterizing it, the court told the jury that no liability could attach to the city from the mere presence of the catch-basin there with its appurte-

nances, unless, under all the circumstances, its existence and condition at that place and time was unreasonable as rendering the sidewalk itself defective, and not reasonably safe. The placing and maintenance of a catch-basin and cover *is* a governmental function and does not of itself constitute a defect in the highway or give the traveler a right of action against the city. It is the duty of the city to place and supervise it with reasonable care, but no breach of that duty subjects the city to the statutory penalty unless and until the highway has been rendered defective. The liability does not even then attach unless the city has failed either to use reasonable care to discover the defect or after actual or constructive notice, to use reasonable care in curing it. *Aaronson* v. *New Haven,* 94 Conn. 690, 696, 110 Atl. 872. In this connection the jury were also told that before liability could thus attach there must be shown actual knowledge of the defective condition on the part of the city or the lapse of such a length of time as would give the city a reasonable opportunity to discover and remove the defect. The appellant has no just cause for complaint in this regard.

In performing a public duty for the public benefit and not for corporate profit, the city is immune from liability for injuries done by its performance. *Richmond* v. *Norwich,* 96 Conn. 582, 588, 115 Atl. 11. If this catch-basin cover was in itself dangerous to the public, it was a public nuisance and it was the duty of the city to remedy the condition. It was, however, a governmental duty for the neglect of which the city was not liable at common law or under any existing statute. Liability on the part of the city only arises if and when the dangerous condition renders the highway itself defective and dangerous. For this, provision

is made by statute. General Statutes, § 1414; *Dyer* v. *Danbury*, 85 Conn. 128, 130, 81 Atl. 958.

The charge should be read in its entirety. So read, we think it fairly and sufficiently stated the duty and obligation of the defendant, and was legally correct, adapted to the issues and adequate for the guidance of the jury.

Two assignments of error relate to the refusal of the court to set aside the verdict. The defendant based its motion therefor in part upon the claim that evidence obtained after the rendition of the verdict established perjury on the part of the plaintiff. This was a question of fact. The charge was a serious one, and could not properly be entertained by the court unless clearly proved upon full notice and hearing with ample opportunity accorded all parties in interest to offer evidence. If the defendant felt the charge could be proved, it had a complete and adequate means of doing so, in a motion for a new trial on the ground of newly-discovered evidence. As the matter then stood it was not a proper basis for a motion to set aside the verdict and the ruling of the trial court was correct.

The final assignment of error is based upon certain remarks of plaintiff's counsel in the presence of the jury. The court at once interrupted counsel, referred specifically to the objectionable language, characterized it as highly improper, and warned counsel not to mention it again. Under these circumstances as they are disclosed in the record, we are satisfied that no prejudice to the defendant's rights could have resulted.

Though the statement made by counsel was improper, it did not of itself entitle the defendant to a new trial. The discretion of the court was properly exercised and left no adequate cause for complaint by

the defendant. *State* v. *Monahan,* 96 Conn. 289, 291, 114 Atl. 102; *State* v. *Buxton,* 79 Conn. 477, 65 Atl. 957; *DeLucia* v. *Kneeland,* 108 Conn. 191, 193, 142 Atl. 742.

There is no error.

In this opinion the other judges concurred.