EMILY MATCHULOT, ADMINISTRATRIX, (ESTATE OF ADOLPH MATCHULOT) *vs.* THE CITY OF ANSONIA.

EMILY MATCHULOT, ADMINISTRATRIX, (ESTATE OF WALTER MATCHULOT) *vs.* THE CITY OF ANSONIA.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 5th—decided December 27th, 1932.

*Arthur Klein,* with whom was *Frederick M. McCarthy,* for the appellant (defendant).

*Samuel Reich,* with whom was *Philip Reich,* and, on the brief, *Maurice Kornblut,* for the appellee (plaintiff).

HINMAN, J. The finding, by which the adequacy of the charge must be tested, states that the defendant offered evidence that in the afternoon of Friday, December 11th, 1931, employees of the American Brass Company, without the direction or knowledge of the defendant city, removed the five-by-five inch timber which formed the top rail of a barrier fence between North Fourth Street and a canal on the Brass Company's property, and moved the bottom rail to and nailed it along the top of the posts, and that such was the condition of the fence at the time— Sunday evening December 13th—when an automobile driven by Adolph Matchulot went through it into the canal, killing him and his son, Walter, who was riding with him. It states, further, that evidence was offered that the fence had been regularly inspected and repaired by the city and was sound, intact, and in good

condition; also that North Fourth Street is in a remote section of the city, very little used and the vicinity sparsely settled. The complaint alleged that the defendant had notice, either actual or constructive, of the condition of the fence at the time of the accident.

Ordinarily a municipality is not liable for an injury caused by a defect in or pertaining to a public highway unless it has neglected some duty in respect thereto after it had notice of the defect. Whether it is to be charged with constructive notice depends upon the circumstances, regard being had to the nature of the defect, whether palpable and manifestly dangerous, or otherwise, the place, the extent of the use of the highway, and the time the defect had existed. The test is whether, had the city exercised reasonable supervision, in view of the whole situation, it would have discovered the defect a sufficient time before the injury to have a reasonable opportunity to guard against it. Unless the facts are undisputed and are such that but one inference reasonably can be drawn from them, the question of constructive notice is one of fact for the jury. *Rogers* v. *Meriden,* 109 Conn. 324, 146 Atl. 735; *Ritter* v. *Shelton,* 105 Conn. 447, 135 Atl. 535; *Burgess* v. *Plainville,* 101 Conn. 68, 124 Atl. 829; *Aaronson* v. *New Haven,* 94 Conn. 690, 110 Atl. 872; 7 McQuillin, Municipal Corporations, § 3002; 43 C. J. p. 1288.

In this case, even if it was found that the fence was insufficient and that the deficiency was the proximate cause of the fatalities, a further essential element would be whether the city had such notice as to subject it to liability, and the question should have been submitted to the jury under proper instructions. This was not done and the omission constitutes reversible error.

In the charge the jury were first instructed that if

the death of Walter—the passenger—was proximately caused by the absence of a sufficient fence and by the negligence of Adolph—the driver—the negligence of the latter would not prevent a recovery from the city for the death of Walter. The jury were recalled for supplementary instructions to the effect that, instead, if both insufficiency of the fence and negligence of Adolph were found to be proximate causes of the deaths the plaintiff could not recover. While this may have sufficed, for practical purposes, to work a correction of the instruction originally given, in the interest of clarity a charge upon this topic should include a definite statement of the rule that in order to justify a recovery from a municipality in such an action it must appear not only that the defect was a proximate cause but also the sole proximate cause of the injury. *Gustafson* v. *Meriden,* 103 Conn. 598, 604, 606, 131 Atl. 437; *Place* v. *Sterling,* 86 Conn. 506, 509, 86 Atl. 3; *Upton* v. *Windham,* 75 Conn. 288, 53 Atl. 600; *Bartram* v. *Sharon,* 71 Conn. 686, 47 Atl. 143.

There is error and a new trial is ordered.

In this opinion the other judges concurred.