ANNA GRAMAS, ADMX.

vs.

TOWN OF EAST HARTFORD

Superior Court      Hartford County      File #55536

Present:   Hon. JOHN A. CORNELL, Judge.

William M. Harney,      Attorney for the Plaintiff.

Edward C. Carroll;
Day, Berry & Howard,      Attorneys for the Defendant.

**MEMORANDUM FILED NOVEMBER 26, 1937.**

CORNELL, J. It is found that the guard rail along the highway immediately south of and upon the bridge in question, was not "a sufficient railing or fence", having in mind the ordinary mishaps or mischances "naturally incident to traffic which might arise from unforeseen circumstances or conditions." **Gen. Stat., Rev. 1930, §1419; Porpora vs. New Haven, 122 Conn. 80, 84.** However, the conclusion is almost, if not completely compelling that the driver of the car in which the plaintiff's decedent was riding was guilty of negligence which formed a proximate cause of the collision with the guard rail and of the course which the vehicle thereafter took.

Under the law as it now stands and has been for many years this precludes a recovery on plaintiff's part. **Bartram**

vs. Sharon, 71 Conn. 686; Gustafson vs. Meriden, 103 Conn. 598, 605. The hope may be indulged that some day theory may be sacrificed for a view which will recognize the injustice which the rule inflicts, in this class of cases. This latter is plainly evident in the present instance in which, though the decedent was innocent of any wrongdoing which even remotely contributed to her death, and in which the defendant town, according to the finding made here did proximately produce the fatal result, the plaintiff is nevertheless denied a recovery.

As noted supra, until the law as it at present is, is changed, trial courts must remain bound by it. It is with some reluctance that in this case judgment must be entered for the defendant.