## PASQUALINA PISANI
### vs.
## CHARLES D'ANTONIO, ET AL.

Superior Court     New Haven County     File #54320

MEMORANDUM FILED APRIL 19, 1938.

FitzGerald, Foote & FitzGerald, of New Haven, for the Plaintiff.

Corporation Counsel for Defendant City of New Haven.

David M. Reilly, of New Haven, for the Defendant D'Antonio.

FOSTER, J. The plaintiff institutes this action on account of injuries received by reason of a defective condition of a sidewalk, a part of a public highway in the City of New Haven, caused by snow and ice. The City of New Haven and the adjoining property owners are made defendants.

The defendant City of New Haven demurs to the complaint on the grounds: (1) that there is no allegation in the complaint that the sidewalk was under the control, maintenance or care of the city; (2) that there is no allegation in the complaint that the city owed a duty to the plaintiff to keep the sidewalk free and clear of ice and snow; (3) that

the City of New Haven is saved from any such liability by Special Act of the Legislature.

The allegations of the complaint are sufficiently broad and comprehensive to sustain the action, if the city had control and care of the sidewalk in question, and if the city did owe a duty to the plaintiff to keep the sidewalk free and clear of ice and snow.

We, therefore, address ourselves to the question as to whether the city had any such control and duty as to render it liable upon the allegations of the complaint.

It is well settled by numerous decisions that any right of action that the plaintiff may have against the City of New Haven is not a right of action by common law but is purely statutory. Such right of action is provided in section 1420 of the General Statutes, Revision of 1930.

The City of New Haven cannot be held liable for its neg-lect of duty, unless such neglect was the sole proximate cause of the plaintiff's injury. *Matchulot vs. Ansonia,* 116 Conn. 55.

In the complaint we have allegations of liability of both the City of New Haven and the adjoining property owners.

In 1937 the Legislature passed an Act providing in part: "No action claiming damage to person or property . . . shall be maintained against the City of New Haven for defective sidewalks caused by snow and ice. The duty of keeping sidewalks in said city free from snow and ice shall be upon the adjoining property owner, and, for any injuries sustained as a result of a breach of this duty, the owner shall be liable in damages to the person or persons so injured." Special Acts of 1937, p. 982.

At common law no action existed against either the city or the property owners, because there existed no duty, the breach of which would furnish a basis for such action. In section 1420 of the General Statutes, Revision of 1930, the Legisla-ture created the duty of the city and provided as a penalty for the breach of such duty liability to the injured party for damages. In 1937 (using the words of *Willoughby vs. New Haven,* 123 Conn. 446, 452) the Legislature by apt words cast upon the property owner the primary duty of keeping the sidewalk reasonably safe, or remedying a defect, such as a dangerous condition caused by snow and ice, for the crea-

tion of which they were not responsible. "Where the intent is to transfer liability from the municipality to another, there is no difficulty in expressing it in unmistakable terms, as was done, for example, in the statutes now sections 1420 and 3755 of the General Statutes and in the Special Act, to which reference is above made." id 453. Such a "delimiting the existing statutory action for injury from snow and ice on a sidewalk" is recognized in *Wladyka vs. Waterbury,* 98 Conn. 305.

It, therefore, follows that by statutory provision, expressed in plain unmistakable words, the plaintiff has not set forth in the complaint a good cause of action against the City of New Haven.

The demurrer of the City of New Haven to the complaint is sustained on the third ground thereof.