## NICOLINA GARAMELLA
### vs.
## JOHN A. MACDONALD, HIGHWAY COMMISSIONER AND COMPANION CASES

Superior Court        Fairfield County        File #53166,

MEMORANDUM FILED JUNE 21, 1938.

Herbert L. Cohen, of Bridgeport; Pullman & Comley, of Bridgeport, for the Plaintiffs.

Edward J. Daly, of Hartford; Leo V. Gaffney, of New Britain; Martin Gormley, of New Haven; Harry Schwartz, of Bridgeport, for the Defendants.

BALDWIN, J.   There are two sets of cases here.  Four plaintiffs have each brought an action against the Highway

Commissioner and the same four plaintiffs have each, also, brought an action against the City of Bridgeport. These actions arise as a result of an accident which occurred on Fairfield Avenue, in Bridgeport, about 2:30 in the morning of February 7, 1937, caused, it is claimed, by a defective condition of the avenue, which defective condition was the result of the negligence of the party bound to keep the avenue in a reasonably safe condition of repair for public travel.

In one set of these cases, that duty is claimed to be upon the city; in the other set of these cases, that duty is claimed to be upon the Highway Commissioner. This question arises and the two sets of actions result because the General Assembly at its January Session of 1935, by Special Act, No. 298, approved May 16, 1935 (Part I, Vol. 22, Special Acts of 1935, p. 172), included Fairfield Avenue in Bridgeport in the trunk line system of highways in this State. Under the provisions of this act and the provisions of the General Statutes relating to trunk line highways, the Highway Commissioner had caused preliminary surveys to be made preparatory to the taking over of this highway and improving it as a part of the State system of trunk line highways. The State had not, however, begun any of the work necessary to the improvement of the highway except to cause the necessary survey to be made and had not assumed any further jurisdiction or control over the highway.

The city, contemplating the future improvement and control of the highway by the State, had recently constructed along the central part of a westerly section of the avenue a sewer which had required an excavation of from 12 to 14 feet in depth, which required, in places, a considerable blasting of rock. This excavation caused the removal of the former hardened surface of the highway throughout the central area of this section of the highway, leaving the former hardened surface on each side of the central area. The highway is 62 feet in width between curbs and this central area varied in width from 7.8 feet to 14.6 feet. Its length was substantially more than 1,000 feet.

Upon the laying of the sewer pipe, the earth removed for that purpose was replaced in the excavation and on December 24, 1936, the barriers employed to close this section of the street to public travel while the sewer construction work was proceeding were removed and the entire width of the street was thrown open to public travel. This section of street, up-

wards of 1,000 feet long, therefore included on each side of a central area of gravel surface varying in width from 7.8 feet to 14.6 feet, a warrenite surfaced strip. These warrenite surfaced sections were old, somewhat worn and included some cracks in the surface.

Travel over this street is very heavy, it being one of the two main westerly outlets of the city, and this travel includes all forms of highway traffic. The result of this heavy traffic caused severe wear and tear upon that section of the street having the dirt surface and it became worn and uneven and required frequent attention. The city at the time of the accident and until in May, 1937, was maintaining this street. In May, 1937, the State Highway Department began its work of improvement and has since maintained that section of the street.

It is this situation described that caused the two sets of actions to be brought, claiming liability, either against the Highway Commissioner or the city, because of a defective condition of highway that was the sole proximate cause of the several injuries suffered.

It is conceded that unless the party bound to exercise reasonable care to maintain the street in a reasonably safe condition for public travel failed to exercise such care then no right of recovery exists. In other words, if the negligence of the Highway Commissioner on the one hand, or, if the negligence of the city on the other hand, in the supervision and maintenance of the street was not the sole proximate cause of the accident no right of recovery exists. *Gustafson vs. Meriden*, 103 Conn. 598.

The plaintiff, Nicolina Garamella, was the owner of a Ford automobile which was being operated in a westerly direction by the plaintiff, Michael Garamella. The plaintiff, Harry J. O'Brien, administrator's intestate, Harry G. O'Brien, and the plaintiff, Anthony Salvo were passengers in this automobile.

The injuries to Anthony Salvo were, at the time, serious. The injuries to Harry G. O'Brien resulted in immediate death. The injuries to Michael Garamella, the driver, were not serious. The automobile was a complete wreck.

The claim of these plaintiffs is that while proceeding westerly at a rate of speed of from 25 to 30 miles per hour, because of the rough and uneven surface of the road and the holes

and ruts in that area of the road having the dirt surface, more particularly, and because of the presence of stones and paving material, which rendered the road defective, the operator was caused to lose control of the car, which left the street, went over the curb and collided with a telegraph pole in front of Duncan's Inn at No. 3290 Fairfield Avenue.

This telegraph pole was, at least, 12 inches in diameter. It was broken by the force of the impact so badly that it had to be replaced by another pole the next day. It was moved in the ground by the impact from six to eight inches. Upon colliding with the pole the automobile went into the air to a height of from four to five feet from the ground to the wheels and the wreckage came to rest 40 feet from the pole with which it had collided.

One needs only to operate a car at a rate of speed of 25 to 30 miles per hour to conclusively demonstrate that if operating at such rate of speed and exercising reasonable care loss of control will not occur when driving upon a street in the condition that the evidence shows Fairfield Avenue to have been in at the time. Nor at such a rate of speed will such serious consequences happen to an immovable object such as a telegraph pole, or to a automobile, or to its occupants, as happened in this case. This mute evidence demonstrates that the automobile was being driven at a high, dangerous and negligent rate of speed, and therein lies the cause of the accident.

The operator had driven over this road a week or ten days before this accident and on the night in question about two hours before the accident he had driven over it in the opposite direction.

The city was giving frequent attention to the road and was exercising reasonable care in its supervision and maintenance. It was under construction, was well lighted and was reasonably safe for public travel for those operators of automobiles who used reasonable care for their own safety and for the safety of their passengers.

Judgment is therefore entered for the defendants in each case.