## ROBERT FABRIZI *v.* MAX GOLUB ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued May 8—decided June 12, 1947

*William J. Galvin, Jr.,* assistant corporation counsel, with whom were *Frank A. Murphy,* assistant corporation counsel and, on the brief, *Samuel H. Aron,* corporation counsel, for the appellant (defendant city of Hartford).

*Morton E. Cole,* with whom were *Milton Krevolin* and, on the brief, *Cyril Cole* and *Arthur W. Feinstein,* for the appellee-appellant (plaintiff).

*M. J. Blumenfeld,* for the appellees (defendants Golub).

MALTBIE, C. J. The plaintiff in this action, a three-year-old child, sought to recover damages for in-

juries suffered when he fell into the well of a stairway located in a sidewalk in the city of Hartford adjacent to the property of Max and Freida Golub. The Golubs and the city were made defendants. The complaint, as amended, was in three counts: One charged the Golubs with negligence; another charged them with the creation or maintenance of a nuisance; and the third sought recovery from the city upon the ground of a defect in the highway. The jury rendered a verdict in favor of the plaintiff against the city, but in favor of the Golubs. The plaintiff and the city have appealed.

One ground of the city's appeal is the denial by the trial court of its motion to set the verdict aside. There is little dispute as to the facts. The Golubs owned a building on the east side of Windsor Street in Hartford. It is in an area of congested population. In the basement was a store or stockroom which was entered by means of an outside stairway. The stairs starting from the north ran down to a depth of about five feet. The wall of the building was about six inches outside the street line and the stair well extended into the sidewalk about four feet. When the Golubs bought the property in 1940 there was a stairway leading to an upper story of the building at the south end of the stair well, and an iron fence with three rails ran from it along the outer wall of the stair well. In 1941 they removed the stairway to the upper story and the fence was then extended across the south end of the stair well. Some months before the plaintiff fell into it, an automobile ran across the sidewalk, struck the north end of the fence and broke two sections into pieces. Thereafter, Max Golub tied up pieces of the fence with rope in such a way that it afforded much less protection to travelers on the sidewalk than it

had before. Two or three weeks before the accident to the plaintiff, one of the rails Golub had tied up became displaced so that it extended beyond the wall of the stair well onto the sidewalk. The plaintiff either alighted from a tricycle near the curb, walked towards the stair well, tripped on this rail and fell into the stair well or fell directly into it from the tricycle. The only witness who testified as to the position of the rail pointed out on a photograph in evidence where the end rested, but on the record before us we are not able to determine how far out it extended.

The city, in support of its claim of error in the denial of the motion to set the verdict aside, asserts that all through the proceedings, and before this court, the plaintiff has taken and is taking wholly inconsistent positions in claiming damages from the Golubs on the ground of negligence and nuisance and at the same time seeking a recovery against the city on the basis of a defect in the sidewalk. In its brief the city discusses the case as one in which the plaintiff should have been required to elect to proceed against either it or the Golubs. As far as the record before us shows, no claim that the plaintiff should be compelled to elect was made at the trial. Whether the case is one in which an election should be required, and, if so, whether we could give effect to any right the city had in this regard in an appeal from the denial of its motion to set the verdict aside, we have no need to consider. An appeal from a ruling upon such a motion presents the broad question whether the action of the trial court can be sustained on any ground, and we are not bound to follow any particular theory advanced by the parties. *Morrell* v. *Wiley,* 119 Conn. 578, 581, 178 A. 121; *Greys* v. *Connecticut Co.,* 123 Conn. 605, 614, 198 A. 259; see

*Leahy* v. *Cheney,* 90 Conn. 611, 618, 98 A. 132. The difficulty with the verdict goes deeper than the matter of election. The question, as discussed in the oral argument before us, is: Was a decision in favor of the Golubs so inconsistent with one against the city that the verdict cannot stand?

The trial court submitted to the jury for their determination the issue whether the Golubs were so in control of the stair well and the fence as to be liable for any injury resulting from them, and, if the jury could properly have found that the Golubs were not so in control, the verdict, general in form, would not necessarily be inconsistent in finding for them and against the city, because the decision in their favor might have been upon that ground. The stairway was, however, an adjunct to the property of the Golubs; when the fence about it became broken, they were the persons who took steps to remedy the condition; in the absence of any evidence to the contrary, it must be assumed that they owned the land to the middle of the street and the stairway was on their property. *Allen* v. *Mussen,* 129 Conn. 151, 155, 26 A. 2d 776. There was no evidence that the city had ever issued a permit for the existence of the stair well; its building department had, it is true, approved plans for alterations in the building, including the removal of the outer stairway to which we have referred, and on those plans the stair well appears; but it was not in the power of that department to act for the city in authorizing its maintenance. 23 Spec. Laws 1248 et seq. There was no basis in the evidence from which the jury could find that the city ever asserted or exercised any actual control over it. Upon these facts, there is no reasonable escape from a conclusion that the Golubs were maintaining the stair well, and they

would be liable if they were guilty of negligence in respect to it, or it constituted a nuisance, as a result of which a traveler on the sidewalk suffered an injury. *Oneker* v. *Liggett Drug Co.*, 124 Conn. 83, 86, 197 A. 887; *Trustees of Canandaigua* v. *Foster*, 156 N. Y. 354, 359, 50 N. E. 971; *Magay* v. *Claflin Sumner Coal Co.*, 257 Mass. 244, 246, 153 N. E. 534.

The test for determining liability for nuisance is: Did the condition have a natural tendency to create danger and inflict injury upon person or property? *Hoffman* v. *Bristol*, 113 Conn. 386, 389, 155 A. 499. The general test for determining whether there is a defect in the highway is: Was the condition such that it would necessarily obstruct or hinder one in the use of the highway for the purpose of traveling or be likely, from its nature or position, to produce that result or injury to one so traveling? *Older* v. *Old Lyme*, 124 Conn. 283, 284, 199 A. 434. While there may be situations where the application of these tests would produce different results, in the case before us no distinction can be drawn. See *Allen* v. *Mussen*, supra. If the stairway with the fence about it constituted a defect in the highway, as regards the city, it is not possible to escape the conclusion that it also constituted a nuisance as regards the Golubs. *Capozzi* v. *Waterbury*, 115 Conn. 107, 111, 160 A. 435; *Andrews* v. *Bristol*, 120 Conn. 499, 502, 181 A. 624; *Przwgocki* v. *Wikris*, 130 Conn. 419, 423, 34 A. 2d 879. The jury, in finding in favor of the Golubs and against the city, took a position which, on the evidence, was wholly inconsistent and which they could not reasonably reach. If the city was liable because the sidewalk was defective by reason of the stairway and the fence, the Golubs could not reasonably be found not to be liable for the maintenance of a nuisance. This inconsistency re-

quires that the verdict be set aside. *O'Brien* v. *Connecticut Co.*, 97 Conn. 419, 422, 117 A. 498; see 53 Am. Jur. 725. That the court, by submitting to the jury the issue of control of the stairway and fence, may have contributed to that result cannot alter the legal effect of the evidence, upon the basis of which we must determine the motion to set the verdict aside. Conn. App. Proc. § 115.

In view of our decision that the verdict should have been set aside in its entirety and that we must order a new trial, it seems desirable to consider an error the city assigns in its appeal from the judgment. It is the claimed failure of the trial court to give a requested charge which was in substance that, as there was no evidence that the city created any nuisance, it would be liable only under the statute which provides that "any person injured in person or property by means of a defective road or bridge" may recover damages; General Statutes, § 1420; and that it would not be so liable if the defect was not the sole cause of the injury or if the Golubs or any other person did or failed to do anything which was a contributory factor in bringing about the plaintiff's injuries. While the trial court in its charge substantially complied with these requests, the plaintiff in his appeal strenuously argues that he is entitled to recover against both the Golubs and the city, and, as the question will no doubt arise upon a new trial unless we determine it now, we have decided to discuss it. In *Bartram* v. *Sharon*, 71 Conn. 686, 43 A. 143, we definitely construed the words quoted above from § 1420. We said that the right to recover under the statute was given as a penalty for the failure of municipalities to keep their highways and bridges in repair; that the effect of the statute should not be extended beyond the

plain meaning of the words used; and (p. 695) that "when it says that penalty shall arise in case of an injury caused through or by means of a defect in the highway, it is an extension of the natural meaning of the words to include an injury caused by the wrongful act of a third person and such defect." It is true that in the course of the decision we said (p. 695): "It follows that an injury caused by the culpable negligence of a traveler, whether to himself or to another, does not happen by means of or through a defect in the highway, even if such defect were a concurring cause. One reason why a person injured through his own carelessness cannot maintain an action against the town is that the injury caused by his own carelessness is not through or by means of the defect. This reason applies with equal force when the injury is caused through the carelessness of a third person." This statement was an application of the general principle to the particular situation before the court, where the claim was that the driver of the vehicle in which one of the plaintiffs had been riding was negligent; and when, in later decisions, we have used like language, it was because it was apt to the facts involved in the case. See *Hinckley* v. *Danbury,* 81 Conn. 241, 242, 70 A. 590; *Place* v. *Sterling,* 86 Conn. 506, 509, 86 A. 3; *Gustafson* v. *Meriden,* 103 Conn. 598, 605, 131 A. 437; *Porpora* v. *New Haven,* 119 Conn. 476, 480, 177 A. 531; *Roth* v. *MacDonald,* 124 Conn. 461, 463, 200 A. 725.

The rationale of the decision in the *Bartram* case is not limited to a situation where the negligence of the plaintiff or a third person concurs in the production of the accident; if the wrongful conduct of another, whatever its nature, so concurs, the municipality is not liable. In order to justify a recovery

against a municipality it must appear that the defect was not only a proximate cause but also the sole proximate cause of the injury. *Leitkowski* v. *Norwich,* 125 Conn. 49, 51, 3 A. 2d 84. "The fundamental test of whether the causal relation between the defect and the plaintiff's damage will suffice to maintain her action is, was the defect the sole cause in producing the damage?" *Agriesto* v. *Fairfield,* 130 Conn. 410, 415, 35 A. 2d 15. In *Ireland* v. *Connecticut Co.,* 111 Conn. 521, 523, 150 A. 520, we applied this rule as regards the concurrence of a breach by a street railway of its statutory duty to keep a portion of a highway in repair and a breach by the municipality of its duty under the statute. In *Rowell* v. *City of Lowell,* 73 Mass. 100, it was held that a city is not liable for injury from a fall when it was the result of the combined effect of a defect in a sidewalk and the unsafe condition of steps adjacent to it which the plaintiff was descending. It may be well to point out that the *Bartram* case impliedly overruled the obiter statement in *Beardsley* v. *Hartford,* 50 Conn. 529, 539, that if an owner digs a pit near a highway and the municipality fails in its duty to protect travelers from the resulting danger, both might be liable.

That the concurring cause which will defeat a recovery under the statute is not restricted to negligent conduct of the plaintiff or another is well illustrated by those cases where we have considered the effect of accidents or natural causes. Thus in *Frechette* v. *New Haven,* 104 Conn. 83, 88, 132 A. 467, we said: "If an accident be a partial cause of the injury, it cannot in most cases be said that the accident was the essential cause of the injury. When the accident bears this relation to the injury, the traveler cannot maintain an action under this stat-

ute." And we went on to apply a like principle to natural causes, saying (p. 89) : "In most instances of defect combined with natural cause to produce an injury, the natural cause cannot be held to be 'so direct and separate in its operation, that the defect in the highway cannot be said to have been the essential cause of the injury.' . . . But in the exceptional case it may be. If the injury would not have occurred but for the natural cause, the defect cannot be held to have produced the injury, nor can it be held to have been the essential cause of the injury. Wherever the defect is the proximate cause of the injury, the natural cause cannot be held to be a concurring cause in any sense other than that it contributed to the injury as an incidental and remote cause." See *Jennes* v. *Norwich,* 107 Conn. 79, 83, 140 A. 119; *Messina* v. *New Haven,* 119 Conn. 166, 168, 174 A. 188. These cases fall within the principles of proximate causation that if an accident resulting in an injury would have happened whether or not a particular circumstance was present, that circumstance will not be considered to be a cause of the accident, and that circumstances involved in an occurrence may have so inconsequential an effect in its production that the law will disregard them. See *Kinderavich* v. *Palmer,* 127 Conn. 85, 89, 92, 15 A. 2d 83. The principle underlying the *Bartram* case applies only where two or more proximate causes concur to produce the injury; *Bartram* v. *Sharon,* supra, 690; *Place* v. *Sterling,* supra; and an antecedent factor may contribute so remotely or inconsequentially to bring about the result that it can be held not to be a concurring cause. In the case at bar the condition which admittedly existed was being maintained by the Golubs at the time the injury was suffered.

The claims of proof of the plaintiff, while not as clearly stated as they should have been, were apparently that the Golubs were maintaining a nuisance in the existence of the stair well in the sidewalk, particularly with the broken and insecurely fastened fence about it, and that they were negligent in not properly protecting travelers from the dangers incident to it after the fence had become broken. If either the maintenance of the nuisance or the negligence was a proximate cause of the plaintiff's injury which concurred with a defect in the sidewalk within the meaning of § 1420 to bring it about, the city would not be liable. We should point out, however, that in this case we are considering only the question of the city's liability under the statute. A municipality may be liable for injuries caused by a condition upon a highway which it has created; *Bacon* v. *Rocky Hill*, 126 Conn. 402, 11 A. 2d 399; and where an action is brought on that ground apart from the statute the usual principles governing joint liability where the misconduct of one concurs with that of another would apply.

We have found on the appeal of the city that the trial court erred in not setting the verdict aside because of the inconsistency inherent in it. The issues as to the city's liability and that of the Golubs were so closely interwoven at the trial that we cannot on that appeal direct the trial court to set the verdict aside only as regards the jury's finding against the city but, in justice to all the parties, we must order that it be set aside in its entirety, so that the issues as to the liability of all the defendants may be redetermined. See *Sparrow* v. *Bromage*, 83 Conn. 27, 30, 74 A. 1070; *Tierney* v. *Correia*, 120 Conn. 140, 151, 180 A 282; *Kuglich* v. *Fowle*, 176 Wis 60, 63, 186 N. W. 188; 5 C. J. S. 1420. As this result fol-

100

lows from the error we have found on the city's appeal, we do not need to consider that of the plaintiff.

There is error on the appeal of the city of Hartford, the judgment is set aside and the case is remanded with direction to set aside the verdict in its entirety. We do not consider the plaintiff's appeal.

In this opinion the other judges concurred.